307 P.2d 612

Elbert ROSS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Insurance Carrier, and Tory Pasqualetti, d/b/a Pasqualetti Garbage Service, Employer, Respondents.

No. 6386.

Supreme Court of Arizona.

Feb. 26, 1957.

Pickrell, Hunter, Bartlett & Penn, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent Industrial Commission. Donald J. Morgan, Robert K. Park, Phoenix, and James D. Lester, Tucson, of counsel.

UDALL, Chief Justice.

Petitioner, Elbert Ross, obtained, ex parte, a writ of certiorari to review an award of respondent Industrial Commission of Arizona, denying him compensation. Respondent promptly filed a motion to quash the writ and dismiss the petition for lack of jurisdiction. Ordinarily we do not write opinions in disposing of motions, but where, as here, a jurisdictional question is raised that becomes determinative of the whole matter, it would seem we should depart from the custom normally followed.

The facts giving rise to the instant proceeding are as follows: petitioner Ross claimed to have received, on June 13, 1956, an injury by accident arising out of and in the course of his employment by Tony Pasqualetti, a garbage collector. His report of injury and application for benefits under the workmen's compensation law was filed with the commission. The matter was regularly processed and investigated, and on November 26, 1956, the commission entered findings to the following effect: (1) that this employer was *not* insured against liability; however, he was subject to the provisions of the law because he had three or more employees at the time of the alleged accident; (2) petitioner Ross *"did not* sustain personal injury by accident arising out of and in the course of his employment"; (3) hence, this was a non-compensable case. The award was that petitioner take nothing from his employer by reason of his alleged personal injury. Incorporated therein was a further order to the effect that the party aggrieved might, under the commission's rules, apply for a rehearing within *twenty* days after notice of said award; however, no application for rehearing was ever filed.

In fairness it should be stated that present counsel did not come into the case until after the time for rehearing had expired; they then filed a petition for writ of certiorari in this court which was within thirty days of rendition of award. A response to the issuance of the writ of certiorari was made by the commission and attached thereto was a motion to quash. This motion was based upon two grounds: first, it is urged that the petition on its face affirmatively shows petitioner failed to exhaust his administrative remedy before that body by his failure to file a petition for rehearing; hence, it is contended, this court is without jurisdiction to entertain the matter as, under such circumstances, the right to review by certiorari does not exist. Secondly, it is asserted that the award had become final after expiration of twenty days and, hence, the commission had exhausted its jurisdiction. A goodly number of Arizona decisions on this well-established point were cited.

Counsel for petitioner frankly admit that upon the ground first stated they are relying solely upon this court's ruling in the two Hershkowitz v. Arizona Highway Department cases, reported in 56 Ariz. 494, 109 P.2d 46, and 59 Ariz. 10, 121 P.2d 879, wherein it was held that, in spite of the fact no rehearing was requested or held, certiorari would lie to this court for a limited review if brought within the period of thirty days after the original award was entered. In the recent case of Smith v. Industrial Commission of Arizona, 79 Ariz. 18, 281 P.2d 797, we discussed and analyzed the Hershkowitz decisions and pointed out certain inaccuracies therein but found it unnecessary to decide the narrow question which is squarely presented by this record.

The right to review an award of the Industrial Commission is given by section 23–951, A.R.S.; subsection A thereof provides that petition for a writ of certiorari must be filed in this court

"* * * within thirty days after an application *for a rehearing is denied,* or if the application is granted, within thirty days after rendition *of the decision on a rehearing* * * *." (Emphasis supplied.)

Generally speaking, it is elemental that "the right to appeal is one given litigants by statute, and exists only by force of statute"; Barth v. Apache County, 18 Ariz. 439, 441, 162 P. 62, 63. Furthermore, this right is limited by the terms of the statute. See,

Beach v. Superior Court of Apache County, 64 Ariz. 375, 379, 173 P.2d 79, and State v. Phelps, 67 Ariz. 215, 222, 193 P.2d 921. In the administrative field the law is well settled that

"The right of appeal from proceedings involving an award of workmen's compensation is statutory and is governed by the particular provisions of the act involved. * * *" 58 Am. Jur., Workmen's Compensation, section 523.

See also, Gashette v. Industrial Commission, 80 Ariz. 5, 291 P.2d 783, and Annotation, 128 A.L.R. p. 1490.

It seems to us it is implicit within the provisions of section 23–951, subd. A, supra, that an injured workman must first file a petition for rehearing and procure a commission ruling thereon before he can have the matter reviewed in this court. The law in that respect is stated in 42 Am.Jur., Public Administrative Law, section 197:

"The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. * * *"

Undoubtedly, a rehearing is an "administrative remedy" within this rule. See, Alexander v. State Personnel Board, 22 Cal.2d 198, 137 P.2d 433, 434.

"The doctrine is sometimes said to rest upon the presumption that the ad-

ministrative agency, if given a complete chance to pass upon the matter, will decide correctly. * * *" 42 Am. Jur., section 197, supra.

Cf., Simmons v. Oregon State Industrial Accident Comm., 168 Or. 256, 122 P.2d 793, 796.

There is a dearth of authority on the precise question presented, but the case of Continental Casualty Co. v. Industrial Commission, 70 Utah 354, 260 P. 279, is most nearly in point and sustains our view. From other jurisdictions are the following reported decisions in the workmen's compensation field which in principle are in accord. See, Simmons v. Oregon State Industrial Accident Comm., supra, Sweitzer v. Industrial Commission, 394 Ill. 141, 68 N.E.2d 290, 294, and Employers' Liability Assur. Corporation v. Matlock, 151 Kan. 293, 98 P.2d 456, 127 A.L.R. 461.

We hold that under the facts here shown this court has no jurisdiction to review the award in the instant case, for the reason that petitioner did not exhaust his administrative remedy. It is our considered opinion that the pronouncements on this point made in the Hershkowitz cases are unsound in principle and should be and they are hereby expressly overruled.

Having determined that we are without jurisdiction to review the award in question, it becomes unnecessary to discuss the second ground advanced under the motion to quash as, after all, primarily it is the jurisdiction of this court and not that of the Industrial Commission with which we are concerned.

It is ordered that the writ of certiorari be quashed and the petition dismissed.

WINDES, PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.