382 P.2d 222

STATE of Arizona ex rel. Wade CHURCH, Attorney General, Appellant,

v.

The ARIZONA CORPORATION COMMIS-SION, George F. Senner, Jr., E. T. "Eddie" Williams, Jr., and Jack Buzard, as mem-bers of said Commission, Appellees,

and

Arizona Public Service Company, a corpora-tion, Intervenor-Appellee.

No. 7232.

Supreme Court of Arizona.

En Banc.

May 29, 1963.

Robert W. Pickrell, Atty. Gen., Wade Church, former Atty. Gen., and Morris Rozar, Asst. Atty. Gen., for appellant.

Snell & Wilmer, by Edward Jacobson, Phoenix, for Arizona Public Service Company, intervenor-appellee.

JENNINGS, Justice.

This appeal raises two questions concerning the procedure for judicial review of actions of the corporation commission. The facts are these: Arizona Public Service applied to the corporation commission for an order modifying the company's "Terms and Conditions for the Sale of Electric and Gas Service," with regard to charges to be made for establishment and

re-establishment of gas service, for service line extension for residential gas customers, and with regard to certain other matters. After a hearing at which the application was unopposed, the commission on August 17, 1959, issued its decision approving the proposed changes. Thereafter, in accordance with A.R.S. § 40–253, subd. A [1] the attorney general petitioned for a rehearing before the commission. This petition was granted, extensive testimony was heard, and on July 13, 1960, the commission issued its order affirming, with the exception of one minor detail,[2] the previous decision which approved the proposed changes. On August 11, 1960, the State filed this action in the Superior Court in Maricopa County to set aside the order of the commission. Arizona Public Service was permitted to intervene and its motion to dismiss the action was granted, resulting in this appeal.

■ The Superior Court dismissed the action on the grounds that no petition for rehearing of the order of July 13, 1960, was made before the corporation commis-

sion pursuant to A.R.S. § 40–253. The first question presented is this: When, upon a motion for rehearing, the corporation commission hears new evidence, and thereafter affirms its original order, except in minor detail, must an aggrieved party apply for a second rehearing before bringing an action to set aside the order of the commission?

The answer to this question turns upon an interpretation of A.R.S. § 40–253, subd. B:

"No claim arising from any order or decision of the commission shall accrue in any court to any corporation or person, or the state, unless the corporation or person, or the state, makes, before the effective date of the order or decision, application to the commission for a rehearing."

Arizona Public Service argues that, since the State has not applied for a rehearing following the commission's order of July 13, 1960, this provision precludes any claim arising to the State with respect to that order. Further, it argues, under A.R.S.

---

1. "§ 40–253. Application for rehearing; hearing; effect; decision

"A. After any order or decision is made by the commission, any party to the action or proceeding, or any stockholder, bondholder or other party pecuniarily interested in the corporation affected, or the attorney general on behalf of the state, may apply for a rehearing of any matter determined in the action or proceeding and specified in the application for rehearing. The commission may

grant a rehearing, if in its judgment sufficient reason therefor appears."

2. The modification required that the company provide 15 feet of free main line extension and 15 feet of free service line extension to a class of customers which, by the previous order, were to be charged the cost of all extensions. Thus the modification was in favor of the public interest and the position taken by the Attorney General.

§ 40–253, subd. F,[3] the order of that date is the final order of the commission, and the order of which review must be sought. In support of this view, Arizona Public Service cites City of Edwardsville v. Illinois Commerce Commission, 412 Ill. 34, 104 N.E. 2d 283 (1952) and State ex rel. Southwest Water Co. v. Public Service Commission, 173 S.W.2d 113 (Mo.App.1943). In these cases, similar statutes were construed to require petitions for a second rehearing where new evidence was presented at the first rehearing, or where, as a result of the first rehearing, the original order was modified.

After due consideration we are unable to accept the position taken by these decisions. The subsection quoted above is an expression of the doctrine of the exhaustion of administrative remedies. Under this doctrine, the commission must be given the opportunity to correct its errors before resort is had to provisions for judicial review, cf. Wammack v. Industrial Commission, 83 Ariz. 321, 320 P.2d 950 (1958). The doctrine does not require, however, that the commission must have a double look at every item of evidence that might be presented. Indeed, the reviewing court is free to consider evidence which was not adduced before the commission, Gibbons v. Arizona Corporation Commission, 75 Ariz. 214, 254 P.2d 1024 (1953).

Although the procedure established for review of decisions of the industrial commission is in many respects unlike that established for review of decisions of the corporation commission, the doctrine of exhaustion of administrative remedies applies in both situations. We have held that application for a rehearing is prerequisite to judicial review of industrial commission action, Ross v. Industrial Commission, 82 Ariz. 9, 307 P.2d 612 (1957). Further, we have held that "while a party has the privilege of applying for a second rehearing, he is not compelled to do so in order to exhaust his administrative remedies." Wammack v. Industrial Commission, 83 Ariz. 321, 327, 320 P.2d 950, 954 (1958). The same principle applies in this case.

The purpose of a statute will not be frustrated or thwarted by a literal application of its terms, Feffer v. Bowman, 90 Ariz. 48, 365 P.2d 472 (1961). Statutes are to be construed as a whole, and related

---

3. "F. If, after a rehearing and a consideration of all the facts, including those arising since the making of the order or decision, the commission finds that the original order or decision or any part thereof is in any respect unjust or unwarranted, or should be changed, the commission may abrogate, change, or modify the order or decision, and such order or decision has the same force and effect as an original order or decision, but shall not affect any right or the enforcement of any right arising from or by virtue of the original order or decision, unless so ordered by the commission."

provisions in pari materia are to be harmonized if possible, Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 370 P.2d 652 (1962); City of Phoenix v. Kelley, 90 Ariz. 116, 366 P.2d 470 (1961). A.R.S. § 40-253 governs the procedure on application for rehearing before the corporation commission. By its terms it contemplates judicial review following rehearing. A.R.S. § 40-254 governs the procedure for obtaining judicial review and, significantly, sets brief time limits within which the action may be brought, answer made, and preparation for trial completed. A.R.S. § 40-255, in further expression of the legislature's intent that judicial review be expeditiously obtained, gives such actions precedence over other civil matters except election actions. Read together, these sections indicate speed, not delay, is the legislative mandate where judicial review is sought of action by the commission.

▮ Under the rule advocated by Arizona Public Service, after each new "final order" application must be made for another rehearing, and judicial review would not be available until the commission decided to deny the application. By repeatedly granting the application, and then issuing a new "final order" affirming its previous ruling, the commission could endlessly delay the judicial review afforded by A.R.S. § 40-254. Other possible rules are equally subject to criticism. If a second rehearing

were required whenever the order following the first rehearing "substantially modified" the original order, aggrieved parties, having no guidelines as to whether a modification is "substantial" or "minor", would feel compelled to apply for a second rehearing in every instance. A rule requiring a petition for an additional rehearing whenever new evidence was taken at the previous rehearing could result in a prolonged series of hearings on evidence which is merely cumulative, but which is adduced through new witnesses. We find the only rule consistent with the legislative intent expressed in the above statutes is this: When a party is aggrieved by a decision or order of the corporation commission, he must apply for a rehearing before the commission, setting forth the grounds upon which he relies. If rehearing is denied, or if he remains unsatisfied after the decision on rehearing, he may then seek review of the order or decision of the commission in the superior court under A.R.S. § 40-254.

▮ The State, in its complaint filed in the superior court in this action, urges several reasons for holding the action of the commission unlawful, which were not included in haec verba in the petition for rehearing before the commission. The second question presented is whether the State is precluded from urging these reasons by A.R.S. § 40-253, subd. C:

"The application [for rehearing] shall set forth specifically the grounds

on which it is based, and no person, nor the state, shall in any court urge or rely on any ground not set forth in the application."

It has been held that provisions similar in statement and purpose to that quoted are not satisfied by general averments that the action complained of was unreasonable and unlawful, Granite City v. Illinois Commerce Commission, 407 Ill. 245, 95 N.E.2d 371 (1950); cf. Hale v. Stimson, 198 Mo. 134, 95 S.W. 885 (1906).

We approve the language of the Illinois court in the Granite City case, supra:

"* * * The purpose of requiring the matters to be raised in the petition for rehearing is to inform the commission and the opposing parties wherein mistakes of law and fact were made in the order. A general allegation could not inform the commission or the opposing party of one mistake of law as opposed to another. The language in the act * * * is sufficiently specific to require in unequivocal terms the propositions relied upon by the person petitioning for the rehearing. Under these circumstances, we feel that a proper construction of the statute requires the allegations in the petition for rehearing be sufficiently specific to appraise the commission and opposing parties of the actual points relied on. * * *" 407 Ill. at 250, 95 N.E.2d at 374.

However, there is no requirement that the grounds be expressed in the pleadings in the superior court in precisely the same language as was used in the petition for rehearing. The requirement is satisfied if the legal or factual point now relied upon was raised in the petition for rehearing.

■ Paragraph VIII of the complaint alleges that the commission's orders are in violation of Article 2, § 4 of the Arizona Constitution, A.R.S. (the due process clause). The petition for rehearing charges that the order is discriminatory because its effect is to deny the use of gas service to certain members of the public; that it was granted without sufficient evidence; and that it was granted without proper notice being given of the original hearing. In so far as these specific allegations bear on due process, they may be urged for the purpose of showing lack of due process when the matter is heard in the superior court. The same paragraph of the complaint alleges that the orders violate Article 15, §§ 3, 12 and 14 of the Arizona Constitution. These sections relate to the powers of the corporation commission. The charge of violation of § 12 is the same as the charge of discrimination in the petition for rehearing, and may be urged in the superior court. The charged violation of § 3 corresponds to the charge in the petition for rehearing that the order grants to Arizona Public Service an unreasonable and excessive rate of return.

The charged violation of § 14 appears to relate to the same ground, that is, that the order permits an unreasonable and excessive rate of return to the company. This ground may properly be urged in the superior court.

Paragraphs IX and X of the complaint allege that the orders in general, and a certain provision in particular, grant a rate increase and an increase in income without having first determined a fair rate of return based on a finding of fair value. These charges correspond to paragraphs 1, 2, and 3 of the petition for rehearing which allege that the order grants to the company income in excess of the cost of service, amounting to an unlawful profit increase, contrary to the public interest, and out of charges which cannot properly be used as income by the company. This is the same ground, expressed in different terms, and may be urged in the superior court.

Paragraph XI of the complaint charges that the order discriminates against the customers of Arizona Public Service and against other public service corporations by an unlawful delegation of discretionary authority to Arizona Public Service. Except in so far as the petition for rehearing charges that the order is discriminatory and will deny the use of gas service to certain members of the public, this is a new ground which does not have its counterpart in the petition for rehearing. To this extent, the State is precluded by A.R.S. § 40–253, subd.

C from urging this ground in the superior court. Other paragraphs of the complaint were not attacked by the commission and Arizona Public Service.

For the reasons stated the action was improperly dismissed. The judgment is reversed with directions to reinstate the complaint.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.