428 P.2d 108

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

Kenneth C. CHATWIN, Judge, Maricopa County Superior Court, Respondent,

William J. Raible and Charlotte Raible, his wife, Real Parties in Interest.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

Kenneth C. CHATWIN, Judge, Maricopa County Superior Court, Respondent,

Mahlon C. Gaumer, III, Real Party in Interest.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

William H. HOLOHAN, Judge, Maricopa County Superior Court, Respondent,

David John Ryan, Real Party in Interest.

No. 8935–PR.

Supreme Court of Arizona.

In Banc.

May 25, 1967.

Rehearing Denied June 20, 1967.

Darrell F. Smith, Atty. Gen. and James R. Redpath, Asst. Atty. Gen., Phoenix, for petitioner.

Gerald A. Machmer, Phoenix, for respondents.

UDALL, Justice.

The instant matter is a combination of three causes wherein the real parties in interest, the plaintiffs in the trial court, appealed to the Superior Court without first having obtained or requested a hearing by the Arizona Highway Department on the proposed suspension of their driver's licenses and motor vehicle registrations by that agency.

The case is before this Court on a petition for review of the Court of Appeals' opinion on the Arizona Highway Department's petitions in each case for writs of certiorari or prohibition.

The basic issues before this Court are whether persons who have their driver's licenses or vehicular registrations suspended under either the Uniform Motor Vehicle Safety Responsibility Act (A.R.S. § 28–1101 et seq.) or under the Uniform Motor Vehicle Operators' and Chauffeurs' License Act (A.R.S. § 28–401 et seq.) must exhaust administrative remedies before seeking review; and whether if such exhaustion is necessary, the Superior Court has jurisdiction under A.R.S. § 28–1122, to return such matters to the Arizona Highway Department for an administrative hearing when the time for requesting such a hearing has expired; and whether under the Uniform Motor Vehicle Operators' and Chauffeurs' License Act the Superior Court has power to stay suspension of driver's licenses until after notice to the agency.

The first case pertains to Mr. William Raible and Mrs. Charlotte Raible, who owned an Arizona licensed automobile which was involved in an accident while being driven by Mrs. Raible. The car was not insured at the time of the accident. The Director of the Financial Responsibility Branch of the Arizona Highway Department, upon review of the accident reports, pursuant to A.R.S. § 28–1142, estimated the damages from the accident to be $900. Official notices were then sent to the Raibles. They were informed that the failure to post security in the amount of $900 would result in the suspension of the

motor vehicle registration on the Raible automobile, and of Mrs. Raible's driver's license. The notices required that security be posted by January 31, 1966. The parties did not request administrative hearing but instead filed suit on February 1, 1966 in the Superior Court of Maricopa County securing therein without notice, stay orders against the suspensions.

The second party, Mr. Mahlon Gaumer, was involved in an accident with his Arizona licensed, uninsured automobile. The Director, pursuant to A.R.S. § 28–1142, set security for damages at $154.00. The security was to be filed by February 21, 1966. No administrative hearing was requested; instead Gaumer filed suit in the Superior Court, Maricopa County obtaining, on February 23, 1966, a stay order against the Highway Department.

None of the aforementioned notices advised the recipients of their right pursuant to A.R.S. § 28–1122, subsec. A, to demand an administrative hearing.

On June 15, 1966 the Bureau of Driver Licensing, Division of Motor Vehicles of the State Highway Department issued, pursuant to A.R.S. § 28–446, subsec. A(3), and without prior notice an order of suspension on the driver's license of the third party here, Mr. David John Ryan. The suspension was effective on receipt and was to remain in effect for a minimum period of one year. The notice cited as the basis for its issuance, "that the herein named person has been convicted with such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highway."

· The order advised Ryan that within twenty days after receipt of a request for such, a hearing would be held to determine whether the suspension would be rescinded, modified or affirmed. Ryan made no request for an administrative hearing, but filed an action in the Superior Court, Maricopa County. That court issued without notice an order requiring that Ryan's license

be restored to him pending the decision of the court.

Each of these plaintiffs requested the Superior Court to provide a trial de novo, pursuant to either A.R.S. § 28–1122, subsec. B or A.R.S. § 28–451 (Ryan). In each cause the Highway Department urged that a failure to exhaust administrative remedies should deny the plaintiffs access to the Superior Court.

The Raible and Gaumer matters proceeded to trial; in each case the trial judge ordered that the cause be dismissed on the ground that the plaintiff had failed to exhaust administrative remedies, therein directing the plaintiff to pursue such remedies.

Pursuant to such an order the Raibles requested a hearing as provided for in A.R.S. § 28–1122, subsec. A. The Highway Department denied the request as not being within the time limit prescribed by statute. Counsel for the Raibles then secured another temporary restraining order staying the Highway Department from executing the suspension order previously given and ordering that the Raibles be allowed to retain the driver's license and· automobile registration pending the outcome of the hearing.

No copy of the motion for rehearing was served on the Highway Department and hence no opportunity to answer was afforded. The Highway Department filed a motion to quash for the reason that the plaintiffs had failed to comply with the Rules of Civil Procedure 65(a) and (d), 16 A.R.S., and therefore the Highway Department was not a proper party to the action. The court entered an order denying the motion to quash and ordering the cause to be referred back to the Highway Department for hearing pursuant to the administrative remedies.

In the Gaumer case the court included with its order of dismissal a provision for the reduction of the required security. The Highway Department moved for a·rehearing and requested oral argument on the

ground that the reduction of security could only be ordered after the administrative remedies were exhausted. At the oral argument counsel for Gaumer argued that a request for a hearing which would be submitted to the Financial Responsibility Branch would be denied as not being within the time limit prescribed by statute. The motion for rehearing was denied; the court ordering further that the cause be referred back to the Highway Department for hearing pursuant to the administrative remedies.

In the Ryan case the plaintiff on filing notice of the appeal obtained an order restoring his license pending the outcome of the appeal based on A.R.S. § 28–451. No notice was served on the Highway Department prior to the issuance of this restraining order. The Highway Department filed a motion to dismiss based on the failure to exhaust administrative remedies. Such motion was denied as was the Department's motion for a rehearing. The cause was set for trial and later postponed pending this decision.

The Highway Department sought relief in the Court of Appeals from the orders of the Superior Court in each of the involved causes. It petitioned for writs of certiorari to review the entire proceedings and orders staying any further proceedings of the court below or in the alternative for writs of prohibition to restrain the Superior Court from proceeding with hearings pursuant to A.R.S. § 28–1122, subsec. B or § 28–451, and further from enforcement of its restraining orders. A.R.S. § 28–1122 states, in part:

"A. The superintendent shall administer and enforce the provisions of this chapter and may make rules and regulations necessary for its administration and shall provide for hearings upon request of persons aggrieved by orders or acts of the superintendent under the provisions of article 3 of this chapter.

"B. Persons aggrieved by an order or act of the superintendent under the provisions of article 3 of this chapter, may, within ten days after notice thereof, file a petition in the superior court of the county in which the person resides for a trial de novo to determine whether the order or act is lawful and reasonable. The filing of a petition shall not suspend the order or act of the superintendent unless a stay thereof shall be allowed by a judge of the court pending final determination of the matter. The court shall summarily here in the petition and may make any appropriate order or decree."

A.R.S. § 28–451 provides:

"A person denied a license, or whose license has been cancelled, suspended or revoked by the department except where the cancellation or revocation is mandatory under the provisions of this chapter, shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the superior court in the county wherein the person resides; and the court is vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commission, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provision of this chapter."

The Court of Appeals resolved these three causes in a combined opinion. It held that the Superior Court lacked power to return the Raible and Gaumer matters to the Highway Department for its administrative action, and further that the Superior Court should have rendered its decision on judicial review as to these two cases without requiring a prior exhaustion of administrative remedies.

As to the Ryan case the Court of Appeals found that as with the two other causes there was no need to exhaust administrative remedies before seeking judicial review. But it also determined when dealing with

A.R.S. § 28–451, the licensing statute, that A.R.S. § 12–911, subsec. A, is applicable and that therefore unlike his position under A.R.S. § 28–1122, that under A.R.S. § 28–451 there is no right in the trial court to stay the suspension of the driver's license until after notice is given to the agency. Thus the Court of Appeals directed the Superior Court to vacate its stay in the Ryan case, with the right to entertain a timely and appropriate request for a stay, and further directed that as to the Raible and Gaumer cases the Superior Court proceed with a determination of the appeals.

■ While our determination on another issue makes it necessary for us to reverse the Court of Appeals, we accept that portion of its opinion which found that in construing the License Act, since that statute does not provide for a suspension of the order or act of the Highway Department that the Superior Court's action, in the Ryan case, of granting a stay without a petition, an order to show cause, service, and a hearing was beyond the scope of its power and so should be vacated.

■■ Likewise we concur in the determination by the Court of Appeals that the Safety Responsibility Act authorizes the Superior Court to stay an order of the Superintendent of Motor Vehicles even without notice or compliance with Rule 65 of the Rules of Civil Procedure, to the effect that no preliminary injunction shall issue without notice to the adverse party. We find this conclusion justified because while the Judicial Review Act makes the Rules of Civil Procedure applicable to matters on review from administrative agencies, the Act does not apply where the statute relating to the administrative agency provides otherwise. A.R.S. § 28–1122, subsec. B does provide for a stay of administrative orders by its own authority outside the area of the Judicial Review Act and we find thusly that a stay under this statute is not subject to the notice provision of Rule 65.

■■ The Court of Appeals opinion also correctly determined that the Superior Court, in the Gaumer and Raible cases under the Safety Responsibility statute, A.R.S. § 28–1122, acted without authority in attempting to force the Highway Department to provide an administrative hearing after the period for requesting such had expired. We concur in this determination. A.R.S. § 28–1122 contains a definite time limitation for the pursuit of remedies contained therein. Neither the Raibles nor Gaumer adhered to this limitation. The jurisdiction of the Superintendent of the Motor Vehicle Division is established subject to this limitation. Yet the Superior Court has by its mandate ordered the Superintendent to exceed that express jurisdiction to grant a hearing which was not requested within the required time limit.

■ This Court has interpreted A.R.S. § 28–1122 in Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136. There we determined that the hearings in Subdivision A thereof must be requested in the ten day period set out in A.R.S. § 28–1142, subsec. A. In Schecter we stated that if a hearing is requested, it must be conducted before the effective date of the Highway Department order. Obviously the request for a hearing must be made prior to the running of the ten day period of notice prior to the effective date. Therefore the failure to make a timely request for the administrative hearing on the suspension order waived for Gaumer and Raibles the right to any administrative review.

As to judicial review for each of these matters the issue of the need for exhausting administrative remedies arises.

In the Raible and Gaumer cases brought under the Safety Responsibility statute, the Highway Department contends that the parties having waived their rights to administrative hearings have thus allowed the Department's orders to become final and therefore have lost their opportunities for recourse to the courts.

Counsel for the real parties in interest contends on the other hand that both an administrative hearing and an appeal to the Superior Court are provided for by A.R.S.

§ 28–1122 and that therefore the parties had the option of asking for the administrative hearing or, of immediately proceeding to the Superior Court.

■ Courts have established their authority to limit the cases of which they take jurisdiction by rules of ripeness, mootness and standing. Similar is the rule that requires an exhaustion of all available administrative remedies prior to seeking judicial review of an administrative order.

Arizona has recognized this doctrine as a long-settled rule of judicial administration. United Association of Journeymen, etc. v. Marchese, 81 Ariz. 162, 302 P.2d 930, citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

■ We concede that the doctrine of exhaustion of administrative remedies does not apply where, by the terms or implications of a statute authorizing the administrative remedy, the remedy is permissive only. 2 Am.Jur.2d, Ad.Law, § 598. Further we are inclined toward the position that even where otherwise proper the exhaustion of remedies rule should not be summarily applied where jurisdiction of the agency is being contested, where the agency's expertise is unnecessary or where irreparable harm will be caused to the party by requiring the exhaustion of the administrative remedies. See Davis, Administrative Law Treatise, § 20.01. However, in this matter we find that requiring an exhaustion of the administrative remedies is necessary to a proper interpretation of the statute.

In Schecter, supra the language of this Court indicated that we considered the administrative hearing a prerequisite to judicial review. It was said there that after the administrative hearing, "a person would have ten days in which to seek review in the superior court." 93 Ariz. at 283, 380 P.2d at 142. The opinion also stated that, "the superintendent need not decide * * whether a motorist was in fact, culpable, but must determine if there is any reason-

able possibility that a judgment will be recovered against him and the amount thereof. Whether there is such a reasonable possibility is a finding that must be made by the superintendent only after an administrative hearing, if requested. Furthermore, this finding is subject to judicial review under A.R.S. § 28–1122, subd. B." 93 Ariz. at 284, 380 P.2d at 143.

■ We do not feel that a hardship is incurred by the affected parties in requiring an exhaustion of administrative remedies under this statute; for as we found in Schecter, the request for an administrative hearing tolls the effective date of the suspension order and after the administrative hearing, a person would have ten days in which to seek review by the court. For these reasons we find that A.R.S. § 28–1122, as properly construed, demands that an administrative hearing be had prior to seeking judicial review of a suspension order.

The Ryan case under the Uniform Motor Vehicle Operators' and Chauffeurs' License Act also raises the administrative exhaustion problem; since A.R.S. § 28–446, subsec. B provides for an administrative remedy.

■ An objection was made to the effect that Ryan's license was suspended without a hearing. This Court in State v. Birmingham, 95 Ariz. 310, 390 P.2d 103, determined that this license statute in permitting the immediate suspension of a license without a prior hearing was constitutionally justified. Therefore a person whose license is revoked must request a hearing, for the department need not provide for a preliminary hearing prior to revocation. Ryan did not request a hearing as provided in A.R.S. § 28–446, subsec. B even though he was informed by the Highway Department of his right to do so, and so Ryan made no attempt to pursue his administrative remedies prior to seeking redress in the Superior Court. We are of the opinion that the appeal provided for in this statute was adopted with the intent of actually providing a trial de novo, only after a prior proceeding by the administrative agency had been held. For

258

this reason we find that Ryan, as well as Gaumer and Raible, has by failing to proceed with his administrative remedy, waived the right to such an administrative remedy and further has lost his opportunity for recourse to the Superior Court pursuant to the appeal provisions of this statute.

We hold that since no administrative hearing was requested the court had no jurisdiction to proceed with such a matter. The nature of the appeal to the court is a trial de novo which logically contemplates a prior proceeding to be reviewed—an administrative hearing. Hence if nothing is done within the time allowed to request a hearing before the administrative agency, then the ruling of the agency will become final and will not be subject to judicial review.

The Arizona Legislature has with great specificity delineated the procedures and requirements for obtaining and retaining licenses and vehicular registrations. Its designated implementing agency for such legislation is the Motor Vehicle Division of the Arizona Highway Department. The legislation on procedures has provided a means whereby an individual affected by an order or ruling may obtain a full scale hearing, before the Department, and if the individual is not satisfied with the outcome thereof an appeal may be then taken to the courts.

To interpret the subject legislation to allow an appeal to the courts without requiring a prior hearing of the controversy by the agency itself would be an unfortunate and we feel incorrect determination of legislative intent. For as we said in State ex rel. Church v. Arizona Corporation Commission, 94 Ariz. 107, 382 P.2d 222, concerning the exhaustion of administrative remedies, "Under this doctrine, the commission must be given the opportunity to correct its errors before resort is had to provisions for judicial review." 94 Ariz. at 110, 382 P.2d at 224. Therefore we find that the parties in this cause, under both the Uniform Motor Vehicle Safety Responsibility Act and the Uniform Motor Vehicle Operators' and Chauffeurs' License Act have, by failing to timely pursue the proper administrative remedies, allowed the orders of the Highway Department to become final.

For these reasons we find that it was error for the Court of Appeals to decline to grant the writs of prohibition as requested by the Highway Department to restrain the Superior Court from proceeding with the involved causes.

Reversed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, J., concur.