451 P.2d 874

**Ruth V. STEVENS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, and Circle K Food Stores, Respondents.**

**No. 9438-PR.**

Supreme Court of Arizona.

In Banc.

March 19, 1969.

Rehearing Denied April 15, 1969.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, Phoenix, by Spencer K. Johnston, Tucson, for respondent, Industrial Commission of Arizona.

LOCKWOOD, Vice Chief Justice.

Ruth V. Stevens, hereinafter referred to as petitioner, filed a claim for workmen's compensation with the Arizona Industrial Commission, hereinafter referred to as respondent. The award of the Industrial Commission, dated November 17, 1966, stated its finding that petitioner had not suffered a compensable injury, and denied compensation. Petitioner timely filed Protest and Petition for Rehearing. A formal rehearing was held and it was determined that petitioner had suffered an industrially insured accident. Petitioner was awarded accident benefits and temporary disability compensation. The Commission reserved the right to decide in a future award any entitlement to permanent partial disability compensation. Subsequently, a determination of loss of earning capacity was made and an award for permanent partial disability benefits was issued.

In determining the amount of the award for permanent partial disability benefits, the respondent Commission computed the amount at 55% of the difference between

the actual pre-injury wage ($165.46) and the reduced earning capacity ($87.60). Petitioner did not dispute that these figures represented the actual pre-injury wage and post-injury earning capacity, but contended that the respondent Commission should have calculated the amount of the award as 55% of the difference between the minimum average monthly wage,[1] ($200.00) and the reduced earning capacity ($87.-60).

After the formal rehearing in which it was determined that petitioner was entitled to workmen's compensation benefits, and after the computation of the amount of the permanent partial disability benefits, the Court of Appeals granted petitioner's application for a writ of certiorari to review the award with regard to the amount of compensation.[2] The respondent Commission moved to quash the writ for lack of jurisdiction, contending that petitioner had failed to exhaust her administrative remedies. Respondent's argument was to the effect that petitioner should have requested a rehearing of the award of compensation, so that the computation thereof could have been corrected if necessary. The Court of Appeals denied the motion to quash, denied respondent's motion for rehearing and the matter is now before this Court pursuant to petition for review.

Although we agree with the order of the Court of Appeals denying the Commission's motion to quash, we feel that the issue raised by the Commission is of sufficient import justifying a written opinion by this Court. The petition for review was thus granted for purposes of clarifying a not entirely clear area of administrative law.

▪ The only issue before this Court is whether a petitioner who has requested and been granted a rehearing for an award of the State Industrial Commission, and who has received a new award, is required to request an additional rehearing on the new award before seeking relief from the Court of Appeals by writ of certiorari.

The doctrine of exhaustion of all available administrative remedies prior to seeking judicial review of administrative orders and awards is recognized in Arizona as a long-settled rule of judicial administration. Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967). We believe that that doctrine is satisfied in the case at bar.

The case of State ex rel. Church v. Arizona Corporation Commission, 94 Ariz. 107, 382 P.2d 222 (1963) is pertinent to the issue presented here. That case involved an attempt by the Corporation Commission to grant a rate increase to Arizona Public Service without first determining a fair rate of return based on findings of fair value. The Attorney General for Arizona requested a rehearing before the Commission, the rehearing was granted, and the Commission affirmed its original order with slight modifications. The attorney general then brought action to set aside the order, and the action was dismissed by the Superior Court on the ground that the attorney general did not apply for a second rehearing before bringing the action to set aside the Commission's order. It was contended by the Commission that a petition for a second rehearing was required where new evidence was presented or where, as a result of the first rehearing, the original order was modified.

The following quotations from State ex rel. Church v. Arizona Corporation Commission, *supra*, have a direct bearing on the present case:

> "Although the procedure established for review of decisions of the industrial commission is in many respects unlike that established for review of decisions of the corporation commission, the doctrine of exhaustion of administrative remedies applies in both situations. We have held that application for a rehearing is prerequisite to judicial review of industrial commission action, Ross v. In-

---

1. See A.R.S. § 23–1041.

2. See A.R.S. § 23–951.

dustrial Commission, 82 Ariz. 9, 307 P.2d 612 (1957). Further, we have held that 'while a party has the privilege of applying for a second rehearing, he is not compelled to do so in order to exhaust his administrative remedies.' Wammack v. Industrial Commission, 83 Ariz. 321, 327, 320 P.2d 950, 954 (1958). The same principle applies in this case." 94 Ariz. at 110, 382 P.2d at 224.

\* \* \* \* \* \*

"A.R.S. § 40–253 governs the procedure on application for rehearing before the corporation commission. By its terms it contemplates judicial review following rehearing. A.R.S. § 40–254 governs the procedure for obtaining judicial review and, significantly, sets brief time limits within which the action may be brought, answer made, and preparation for trial completed. A.R.S. § 40–255, in further expression of the legislature's intent that judicial review be expeditiously obtained, gives such actions precedence over other civil matters except election actions. Read together, these sections indicate speed, not delay, is the legislative mandate where judicial review is sought of action by the commission." 94 Ariz. at 111, 382 P.2d at 224, 225.

\* \* \* \* \* \*

"A rule requiring a petition for an additional rehearing whenever new evidence was taken at the previous rehearing could result in a prolonged series of hearings on evidence which is merely cumulative, but which is adduced through new witnesses. We find the only rule consistent with the legislative intent expressed in the above statutes is this: When a party is aggrieved by a decision or order of the corporation commission, he must apply for a rehearing before the commission, setting forth the grounds upon which he relies. If rehearing is denied, or if he remains unsatisfied after the decision on rehearing, he may then seek review of the order or decision of the commission in the superior court under A.R.S. § 40–254." 94 Ariz. at 111, 382 P.2d at 225.

The facts of Wammack v. Industrial Commission of Arizona, 83 Ariz. 321, 320 P.2d 950 (1958) are substantially the same as the facts of the present case. The only distinction is that in the Wammack case, petitioner had actually applied for a second rehearing. While the application was still pending, and prior to any action by the Commission, a petition for writ of certiorari was filed in the Supreme Court. The Court there held that although an aggrieved party had the same right to request a rehearing of a second award as he did of the former award:

"When a second or a subsequent motion for rehearing is applied for, the Commission need not grant the motion but may deny it. Carter v. Industrial Commission, 76 Utah 520, 290 P. 776. While a party has the privilege of applying for a second rehearing, he is not compelled to do so in order to exhaust his administrative remedies. Edwards v. Industrial Commission, 112 Utah 472, 189 P.2d 124. Consequently, because the petitioner appealed to this court before the Commission acted thereon, the effect was to waive further action on the second petition and oust the Commission of any jurisdiction to proceed further." 83 Ariz. at 327, 320 P.2d at 954.

Petitioner in the present case has fulfilled the statutory prerequisites to her petition for writ of certiorari to the Court of Appeals. A rehearing was requested and granted, resulting in the new award by the respondent Commission. Applications for further rehearings are not necessary in order to give the Court of Appeals jurisdiction to now determine whether the Commission used the correct method of calculating the amount of petitioner's award.

The order of the Court of Appeals denying the Commission's motion to quash is affirmed.

UDALL, C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.