NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WARREN WOODWARD, *Plaintiff/Appellant*,

*v.*

ARIZONA CORPORATION COMMISSION; BOB BURNS; TOM FORESE;
DOUG LITTLE; SUSAN SMITH; BOB STUMP, *Defendants/Appellees*.

No. 1 CA-CV 15-0825
FILED 11-8-2016

Appeal from the Superior Court in Maricopa County
No. LC2015-000274-001 DT
The Honorable Crane McClennen, Judge, *Retired*

**AFFIRMED**

APPEARANCES

Warren Woodward, Sedona
*Appellant*

Arizona Corporation Commission, Legal Division, Phoenix
By Maureen A. Scott, Janet F. Wagner, Wesley C. Van Cleve
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

**B R O W N**, Chief Judge:

¶1 Warren Woodward appeals the superior court's order dismissing his action challenging an Arizona Corporation Commission decision. Woodward asserts he timely filed his action under Arizona Revised Statutes ("A.R.S.") section 40-254 and thus the court erred in finding it lacked jurisdiction over the appeal. Although we agree that Woodward's action was timely filed, for the reasons set forth below, we conclude the court did not err in dismissing the action and therefore affirm.

## BACKGROUND

¶2 In 2013, Arizona Public Service Electric Company ("APS") filed an application with the Commission to establish "opt-out" charges for customers who continued to use older "analog meters" (requiring traditional meter reading) instead of newer "smart meters" (allowing direct electronic communication between APS and customers' premises). Woodward intervened in the proceeding and opposed the application. In Decision No. 74871, the Commission granted the application, approving a one-time setup fee and a monthly charge for customers who choose to opt out of smart metering.

¶3 Woodward filed an application for rehearing pursuant to A.R.S. § 40-253, which the Commission granted in January 2015 "for the limited purpose of further consideration." On April 30, 2015, the Commission issued Decision No. 75047, rescinding Decision No. 74871 and granting Woodward's application for rehearing. The Commission explained that the issues related to APS's proposed opt-out charges "attracted significant public attention" and "would benefit from the type of comprehensive review that is conducted in a general rate case." The

Commission therefore decided to grant relief "on an interlocutory basis" and ordered a stay of APS's application until its next general rate case.[1]

¶4          On May 12, 2015 Woodward submitted an application for rehearing on Decision No. 75047.  The Commission did not respond, and Woodward filed an action in superior court pursuant to A.R.S. § 40-254, asserting in part that the Commission's decision was arbitrary and capricious.   After requesting briefing from the parties on whether Woodward's action was timely filed, the court dismissed the action for lack of jurisdiction.[2]  Woodward then appealed to this court.

## DISCUSSION

¶5          Woodward argues the superior court had jurisdiction to consider his challenge to the Commission decision because his action was timely under A.R.S. § 40-254.  Whether the superior court had jurisdiction over this matter is a question of law, which we review de novo.  *See In re Marriage of Crawford*, 180 Ariz. 324, 326 (App. 1994).

¶6          The right to appeal an administrative decision "exists only by force of statute and is limited by the terms of the statute." *Guminski v. Ariz. State Veterinary Med. Examining Bd.*, 201 Ariz. 180, 182, ¶ 8 (App. 2001).  Any party to a final order or decision made by the Commission may request a rehearing of any matter determined in the action within twenty days.  A.R.S. § 40-253(A).  If the party remains dissatisfied with the order, the party may institute an action in superior court against the Commission within thirty days of the date the rehearing was either granted or denied.  A.R.S. § 40-254(A).  An application for rehearing is considered denied if the Commission does not grant it within twenty days.  A.R.S. § 40-253(A).

---

[1]     A rate case filing is a detailed application of any proposed rate increases that is reviewed by the Commission for approval.  Ariz. Admin. Code ("A.A.C.") R14-2-103 (defining filing requirements for an application in support of proposed rate increases or charges by an electrical utility).  APS's application to establish opt-out charges was filed under the more abbreviated process listed in A.A.C. R14-2-107 (defining filing requirements for an alternative application which is available on a limited basis for less substantial rate changes).

[2]     Prior to the court's ruling, the Commission filed its answer, asserting in part that Decision No. 75047 was a non-final interlocutory order and that the action was not ripe for review.

¶7        The Commission argues that the second decision, Decision No. 75047, specifically granted Woodward's application for rehearing of its first decision, Decision No. 74871. Accordingly, the Commission contends that the thirty-day period within which Woodward was required to file his action in superior court under § 40-254(A) started on April 30, 2015, the day the second decision was issued. This interpretation would mean that Woodward's superior court action, filed on June 25, 2015, was untimely as being outside the thirty-day limitation.

¶8        Citing *State ex rel. Church v. AZCC*, the Commission argues that a party is precluded from filing a second application for rehearing and must file an action in superior court after the initial application for rehearing is granted or denied. 94 Ariz. 107 (1963). Because *Church* addressed whether a party could be excused from filing a second application for rehearing when a second decision is issued, and not whether that party was precluded from filing another application for rehearing, it does not support the Commission's position. *See id*. at 110 (adopting workers' compensation principle that "[w]hile a party has the privilege of applying for a second rehearing, he is not compelled to do so in order to exhaust his administrative remedies") (quoting *Wammack v. Indus. Comm'n*, 83 Ariz. 321, 327 (1958)).

¶9        The most plausible reading of the statute allows a second application for rehearing. Thus, although not required, it was within the scope of the statute for Woodward to file a second application for rehearing, particularly when the Commission's first decision did nothing more than indicate the issue needed further consideration. *See Church*, 94 Ariz. at 111 ("When a party is *aggrieved* by a decision or order of the corporation commission, he must apply for a rehearing before the commission. . . . ") (emphasis added). The thirty-day period for filing an action in superior court under § 40-254(A) did not begin to run until June 1, 2015, twenty days after he filed an application for rehearing of the second decision because the application was deemed denied at that point in time. *See* A.R.S. § 40-253(A). Thus, the superior court erred in concluding that Woodward's action was untimely under § 40-254(A).

¶10        Notwithstanding our conclusion that Woodward's action was timely filed, we must consider whether other issues raised by the Commission support the superior court's dismissal order. *See Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 4 (App. 2013) (recognizing that appellate courts will affirm the superior court for any reason that supports the decision). The Commission argues that because Decision No. 75047 is not a final order, and defers APS's application for opt-out charges to a rate case

filing under A.A.C. R14-2-103, Woodward's action is neither final nor ripe for judicial review. We agree.

¶11        Section 40-253(A) allows any party to a *final* order or decision by the commission to apply for a rehearing. In interpreting statutes, we give the words used their plain meaning unless the context demands otherwise. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 559, ¶ 71 (2005). A "final order or decision" plainly implies a ruling that disposes of the issues, leaving the litigant no remaining avenue of relief. *See* A.R.S. § 40-253(A). Such a decision was not reached by the Commission in Decision No. 75047, which states both that relief is granted "on an interlocutory basis" and that APS's application is "stay[ed]" until further proceedings can decide the matter. Until the Commission makes such a final decision regarding APS's proposed opt-out charges, it would be premature and even disruptive for this court to render a decision. *See Kunkle Transfer & Storage Co. v. Superior Court In & For Maricopa Cty.*, 22 Ariz. App. 315, 318 (1974) (explaining that the "legislature intended to protect the jurisdiction of the Commission when properly invoked by permitting judicial review only after the Commission has had an opportunity to rule"); *cf. Barassi v. Matison*, 130 Ariz. 418, 421 (1981) (noting the "underlying rationale of requiring a final judgment . . . is to avoid the constant disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later . . . and to promote efficiency . . . .").

¶12        Furthermore, Woodward's action is not ripe for review. The ripeness doctrine prevents a court from deciding an issue that may later be rendered moot by a pending question. *See U.S. West Commc'ns, Inc. v. AZCC*, 198 Ariz. 208, 214-15, ¶ 15 (App. 2000), *vacated on other grounds*, 201 Ariz. 242 (2001); *Arizona Downs v. Turf Paradise, Inc.*, 140 Ariz. 438, 444-45 (App. 1984). When reviewing an administrative decision, the ripeness doctrine prevents courts from interfering until the decision "has been formalized and its effects felt in a concrete way by the challenging parties." *Arizona Downs*, 140 Ariz. at 445 (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967)).

¶13        Woodward maintains that his action is ripe because the Commission's delay in reaching a conclusive ruling on APS's application, caused by the decision to proceed under A.A.C. R14-2-103, has caused him hardship. However, it is well within the Commission's authority to require the matter to be considered as part of a full rate case under A.A.C. R14-2-107(T) after review of APS's original application for opt-out charges. Furthermore, while hardship of the parties can be considered by a court in evaluating ripeness for judicial review, such hardship must also be paired

with a final and conclusive decision. *Phelps Dodge Corp. v. Arizona Elec. Power Co-op., Inc.*, 207 Ariz. 95, 118, ¶ 94 (App. 2004).

**¶14**        Based on the record before us, the Commission has not taken conclusive action with regard to APS's application. If the Commission were to deny the application at APS's future rate case, Woodward's action in this case would be rendered moot. Thus, Woodward's claim can ripen only after the Commission takes final and conclusive action on APS's pending application.[3]

## CONCLUSION

**¶15**        Based on the foregoing, we affirm the superior court's order dismissing Woodward's appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        Based on our conclusion that Woodward attempted to challenge a non-final decision and because the issue is not ripe for decision, we need not address the other grounds for dismissal raised by the Commission.