616 P.2d 951

**VALLEY VENDORS CORPORATION, an Arizona Corporation, Plaintiff–Appellant,**

v.

**CITY OF PHOENIX, a Municipal Corporation, Defendant–Appellee.**

**No. 1 CA–CIV 4250.**

Court of Appeals of Arizona, Division 1, Department C.

July 29, 1980.

Rehearing Denied Sept. 4, 1980.

Review Denied Sept. 23, 1980.

Taylor & Petica, P. C. by Ron Petica, Scottsdale, for plaintiff–appellant.

Andy Baumert, City Atty., and Philip M. Haggerty, Asst. City Atty., Phoenix, for defendant–appellee.

## OPINION

CONTRERAS, Judge.

This is an appeal from a judgment dismissing appellant's complaint filed against the City of Phoenix. The complaint alleged a discriminatory assessment of sales and use taxes and double taxation. We conclude that appellant did not exhaust its administrative remedies prior to filing suit against the City in superior court and, for this reason, the trial court properly dismissed the complaint.

Appellant is a Phoenix business that sells various items, such as food, beverages and cigarettes through coin–operated vending machines. An audit conducted by the City Treasurer concluded that appellant was liable to the City for $8,087.08 in taxes. In a formal assessment letter, appellant was advised of the liability and told that it could either pay the tax or pay it under protest and request a hearing to challenge the assessment. Following a meeting among appellant, its accountant, the City Treasurer, the City Auditor and others, appellant's assessment was reduced to $5,091.82. A hand–delivered letter of May 23, 1977, advised appellant of this decision and again informed appellant of various administrative remedies available to it. The following day, May 24, the City was served with the complaint, which had been filed on May 17. The complaint, in three counts, sought: (1) that the sales tax assessment against appellant be declared void, illegal and unconstitutional, and asked the court to enjoin its assessment; (2) that such assessment be declared void as an illegal and unconstitutional tax on a tax and enjoined; and (3) that the assessment of the City's use tax be declared void, illegal unconstitutional and enjoined.

The City requested, and received, additional time within which to respond and filed a Motion to Dismiss the Complaint. The Motion was based on two grounds: (1) the unavailability of injunctive or declaratory relief against the assessment or collection of taxes, and (2) the trial court's lack of jurisdiction in light of appellant's failure to exhaust its administrative remedies. The Motion was granted without discussion by the court and judgment entered. This appeal followed.

Section 14–29 of the Phoenix City Code provides a procedure for a taxpayer to challenge his assessment. A taxpayer may appeal an assessment by filing a petition for a hearing with the City Auditor within 30 days after receiving a formal assessment notice. "The petition shall set forth the reasons why such hearing, correction or redetermination should be granted and the amount in which the tax (penalty or interest, or both) should be reduced. The City Auditor shall promptly consider the petition and shall grant a hearing, if requested." *Id.* At the hearing, the taxpayer may be represented by counsel and has the right to present witnesses and evidence on his behalf. Phoenix City Code § 14–29(g) further provides in part:

After payment of any tax, penalty or interest under protest verified by oath, a taxpayer may bring action against the Collector in the Superior Court of the County of Maricopa for the recovery of the tax, interest or penalty so paid under protest. The action shall not be commenced more than twenty days after the order or decision of the hearing officer or designee is received by the petitioner, and failure to bring the action within such twenty days shall constitute a waiver of the protest and a waiver of all claims against the City arising from the alleged illegality in the tax, penalties and interest so paid. No grounds of illegality of the tax shall be considered by the court other than those set forth in the petition filed with the City Auditor, but payments of taxes made under protest subsequent to the original protested item and prior to filing the action within the twenty days may be included or incorporated into the same action.

Under normal circumstances, the provisions of section 14–29 must be followed before an action can be brought in superior court. *See Univar Corp. v. Phoenix*, 122 Ariz. 220, 594 P.2d 86 (1979). Appellant chose not to comply with section 14–29 prior to filing its suit and contends that it was not required to exhaust these available administrative remedies.

Appellant first argues that it is exempt from the general rule requiring exhaustion of administrative remedies because it was lulled into a belief that administrative review would not be required. This assertion is based on the affidavit of Mr. Art Kaufman, president of Valley Vendors Corporation, which stated, in part:

> On May 11, 1977, he [Kaufman] and Clark Wellever, a Valley Vendors employee, had a hearing with the City Treasurer, City Auditor, City Auditor's Supervisor, and another individual who at this time he does not recall, wherein he (Kaufman) advised the City he did not agree with the assessments, and intended to institute suit to oppose them in their entirety. The City Treasurer thereafter stated or clearly indicated to him at that time that no further administrative hearings nor payment in advance would be necessary if such suit was instituted.

An affidavit was filed by the City Treasurer that denied making this representation.

Appellant has not directed our attention to any authority for the proposition that the City Treasurer has the power to waive the codified law of the City of Phoenix. We have reviewed the City Code and can find no grant of such authority. Section 14–29(c) does allow the City Auditor to extend, in his discretion, the time for filing a petition for a hearing. Beyond this, the Code is explicit in requiring that there be compliance with its established administrative procedures. For these reasons, we reject appellant's "lulling" argument.

Appellant next contends that it was not required to follow the city's administrative procedures because such procedures may be avoided, and judicial relief immediately sought, when a taxpayer complains of a taxing authority's discriminatory practices and when administrative procedures are inadequate. Appellant's contention is based on our supreme court's decision in *Southern Pacific Co. v. Cochise County*, 92 Ariz. 395, 377 P.2d 770 (1963). In *Southern Pacific*, the plaintiff sued to recover taxes paid under protest and sought to enjoin future discriminatory assessments arising from the county's alleged systematic underevaluation practices. The county argued that Southern Pacific's claims were beyond the scope of its exclusive statutory appeal remedy. This remedy was limited to a determination by the superior court of the taxpayer's property value. *See* A.R.S. § 42–146 (1956) (amended 1967). The court held that where the issue to be tried—that is, the taxing authority's asserted discrimination in the assessment of properties—was not included within the framework of the statutory appeal procedures, the taxpayer was entitled to seek relief in an original superior court action. The supreme court's holding was based on its earlier decision in *McCluskey v. Sparks*, 80 Ariz. 15, 291 P.2d 791 (1955). There the court was also faced with a taxpayer alleging discriminatory taxation practices and a statutory appeal procedure that limited the issues appealable to the full cash value of the property assessed and the tax to be paid. The court held that the statutory appeal remedy, Arizona Code Annot. §§ 73–110, 73–419 (1939) was "no remedy at all" because the issues concerning the alleged discrimination could not be tried and decided under that statute. *Id.* at 19, 29 P.2d at 793. Based on *Southern Pacific* and *McCluskey*, appellant's argument is as follows: section 14–29(g) of the Phoenix City Code limits the issues placed before the superior court to those raised in the taxpayer's petition for a hearing; the administrative procedures were neither intended to adjudicate nor is the hearing officer capable of deciding the complex constitutional issues raised in appellant's complaint; therefore, because such issues could not be introduced into the administrative process, they are precluded from being claimed in an appeal to superior court; this being the case, appellant is left without a forum in

which its claims may be heard and, accordingly, appellant should be allowed to maintain an original action in superior court. Although appellant's argument is grounded upon seemingly sound logic, it contains a fatally false assumption—that is, that the hearing procedures do not include adjudicating the issues presented by appellant.

■ Appellant's statements that the City's tax hearings are an improper forum for its constitutional claims and that the hearing officer is unqualified to hear these claims is no more than a bald assertion that is wholly unsupported by the record or legal authority. Section 14–29 contains no language limiting the nature of the issues that may be heard by the hearing officer. The basic issue to be tried is whether the taxpayer has been illegally taxed. *See* Phoenix City Code § 14–29(g), (e). The questions included within this issue can be wide–ranging and could very well include constitutional challenges. For this reason, appellant's reliance upon *Southern Pacific* and *McCluskey* is misplaced. In these two cases, the issues that could be presented on appeal to the superior court were so limited that the taxpayer was left without a remedy for any other question he might raise. Under section 14–29, however, there is no limitation upon the grounds that the taxpayer may present to reduce or correct his assessment. As long as he asserts these grounds in the petition, they are preserved for an action in superior court. Phoenix City Code § 14–29(g); *Univar Corp. v. City of Phoenix, supra.*

We acknowledge that, under certain circumstances, the exhaustion of remedies rule is inappropriate. *See Univar Corp. v. City of Phoenix, supra.* "These are cases in which the remedy is permissive under the authorizing statute; in which jurisdiction of the agency is being contested; in which the agency's expertise is unnecessary; or in which irreparable harm will be caused if the rule is followed.", *id.* 122 Ariz. at 224, 594 P.2d at 90; *see Campbell v. Chatwin,* 102 Ariz. 251, 428 P.2d 108 (1967), or when there is no clearly ascertainable administrative remedy. *Burnkrant v. Saggau,* 12 Ariz.

App. 310, 470 P.2d 115 (1970). The only exception which seems to support appellant's argument is when the agency's expertise is unnecessary. But, such exception falls short in the present case. Appellant's complaint raises issues going to the manner and amounts in which the City assessed its taxes against appellant and other taxpayers. Analysis and determination of these issues would seem particularly suited to examination by administrative tax specialists. The supreme court's explanation of the reason for requiring a taxpayer to exhaust the remedies of the state's Employment Security Commission in *Mountain View Pioneer Hospital v. Employment Security Commission,* 107 Ariz. 81, 482 P.2d 448 (1971), aptly describes our reasoning in this case: "The main purpose in requiring an administrative hearing is to remove the onus of a great volume of complicated tax cases from unnecessary judicial review and to initially place them before a specialized tribunal trained to handle such matters." *Id.* at 85, 482 P.2d at 452.

■ Because we decide that the trial court properly declined to exercise its jurisdiction to hear appellant's complaint, we need not pass upon the issues appellant raises regarding whether it could ask the trial court to grant declaratory and injunctive relief. Appellant also asserts that section 14–29 of the Phoenix City Code is unconstitutional. This assertion is unsupported by argument or citation of legal authority. We therefore treat this issue as abandoned. *See Modular Systems, Inc. v. Naisbitt,* 114 Ariz. 582, 562 P.2d 1080 (App. 1977).

■ The appellee has made a request for an assessment of attorney's fees for a frivolous appeal pursuant to A.R.S. § 12–2106 and rule 25 of the Arizona Rules of Civil Appellate Procedure. We deny this request. In view of the fact that the questions raised by appellant were ones upon which reasonable persons could differ, we cannot say that appellant's appeal was frivolous or taken solely for the purposes of delay. *See Barrett v. Melton,* 112 Ariz. 605, 545 P.2d 421 (1976).

We conclude that the trial court's dismissal of appellant's complaint was proper and, therefore, affirm the judgment.

HAIRE and JACOBSON, JJ., concur.