NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROY JUNIOR MARKS, *Plaintiff/Appellant*,

*v.*

BRAD HOLM, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0299
FILED 2-3-2022

Appeal from the Superior Court in Maricopa County
No.  CV2018-012676
The Honorable Judge *Pro Tempore* Susan G. White, *Retired*
The Honorable Randall H. Warner, Judge
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Roy Junior Marks, Phoenix
*Plaintiff/Appellant*

Office of the City Attorney, Phoenix
By Karen Stillwell
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1            Plaintiff Roy Junior Marks appeals from the dismissal of his complaint on various grounds. Because Marks has shown no error, the judgment reflecting the dismissal is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2            Marks claims defendants have been using chemicals in and around the apartments where he is living, and where he has lived, causing serious medical problems affecting his health. In January 2018, Marks served a notice of claim on the City of Phoenix Clerk, and 25 notices of claim on the City Risk Management Office for individual City employees. In October 2018, Marks filed this case alleging various statutory, common law and constitutional violations and seeking $10 million in compensatory and $15 million in punitive damages and other relief, including that criminal charges be brought against defendants. Marks named more than 60 defendants in his complaint, including (1) the City of Phoenix and City employees (including police officers and public housing and maintenance employees); (2) the property management company Dunlap & Magee and its employees and (3) apartment residents.

¶3            In resulting motion practice, various defendants sought dismissal on different grounds, including that Marks (1) failed to comply with the notice of claim statute, Ariz. Rev. Stat. (A.R.S.) § 12-821.01 (2022);[1] (2) did not properly serve them, Ariz. R. Civ. P. 4.1 and (3) failed to state a claim upon which relief could be granted, Ariz. R. Civ. P. 12. Those motions resulted in a series of rulings that, among other things, dismissed various defendants, denied Marks' motions for leave to amend and for entry of default judgment, and denied his motions for reconsideration. The court entered a final judgment in April 2021 dismissing all claims against all

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

defendants. *See* Ariz. R. Civ. P. 54(c). This court has jurisdiction over Marks' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶4        Marks' arguments on appeal turn on whether the superior court (1) properly dismissed his claims against all defendants; and (2) properly denied or dismissed Marks' motions. The court addresses these arguments in turn.

## I.        The Superior Court Properly Dismissed All Defendants.

¶5        Marks' complaint names more than 60 defendants, referring to several only as "John Doe" or "Jane Doe" and identifying others as residents of a numbered apartment. The record presented shows that the superior court properly dismissed all claims against all defendants for failing to comply with the notice of claim statute, failing to state a claim upon which relief could be granted, failing to effectuate proper service of process, the passage of time and/or incorrect requests for entry of default judgments.

### A.        The City and the City Employees.

¶6        An individual wishing to sue a public entity and its employees must first file a notice of claim "with the person or persons authorized to accept service for the public entity . . . or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). In January 2018, Marks served notices of claim on the City of Phoenix Clerk and the Risk Management Office. He did not, however, individually serve the notice of claims on the City employees. Thus, the superior court did not err in dismissing the City employee defendants given Marks' failure to comply with A.R.S. § 12-821.01 and Ariz. R. Civ. P. 4.1(d) (providing the proper methods for serving an individual).

¶7        Marks cites *Lee v. State*, 225 Ariz. 576 (App. 2010), for the proposition that whether a defendant received a notice of claim must be decided by a jury determination. But in this case, Marks provided no "proof that a notice of claim was properly mailed to the proper authorities." *Id.* at 578 ¶ 4. Although Marks needed to comply with Ariz. R. Civ. P. 4.1(d) for serving individuals with the notice of claim, he failed to do so because he served the Risk Management Office rather than the individual employees. Thus, unlike *Lee*, there is no disputed issue of fact for a jury to decide.

¶8        Marks cites *Young v. City of Scottsdale*, 193 Ariz. 110 (App. 1998), claiming the City employees waived their notice of claim defense because the City claim adjuster investigated the claim. But here, the City timely objected to the lack of proper service of the notice of claim, distinguishing *Young*. *Id.* at 114 ¶ 15 ("the City waived any complaint about service of process when it referred the matter to a claims adjuster, who considered and denied the claim without objecting to the service of process"). Nor does *Young* (finding waiver where the City of Scottsdale was the sole defendant) support Marks' argument that the City would, or could, waive any defense the City employees have based on Marks' failure to properly serve them with the notice of claim. The superior court correctly found that Marks did not properly comply with the notice of claim statute, which was a prerequisite to his asserting claims against the City employees.

¶9        Marks next argues the court improperly dismissed two police officers (Officers Batway and Warrior) because their motion to dismiss was filed more than 20 days after Marks filed his complaint. Because these two officers were never served with the summons and complaint, their motion to dismiss filed in February 2020 was timely. *See* Ariz. R. Civ. P. 12(a)(1)(A)(i) (responsive pleading, or motion to dismiss under Rule 12(b), is timely if filed "within 20 days after being served with the summons and complaint").

¶10        Marks next argues City employee Nicole Perez waived her defense because she did not respond to the substance of the complaint and notice of claim. From the record, however, Marks did not serve Perez until April 2020, long after the deadline to serve his October 2018 complaint. *See* Ariz. R. Civ. P. 4(i). Moreover, although claiming he listed her as a Jane Doe defendant, Marks never properly joined Perez as a defendant. *See* Ariz. R. Civ. P. 10(d).[2] Accordingly, Marks has shown no reversible error in the court dismissing the City or the City employees.

---

[2] Marks argues that his claim against the City should not have been dismissed because his claims against the City employees were dismissed (at least in part) without prejudice. The superior court, however, dismissed the claims against the City and the City employees "with prejudice." Accordingly, the factual predicate for Marks' argument is not supported by the record on appeal.

## B.    Dunlap & Magee and its Employees.

¶11        Dunlap & Magee and its employees filed motions to dismiss, arguing Marks "(1) failed to properly name or serve a real party in interest; (2) failed to serve the individual employees named as 'Dunlap&Magee's Employee's'; and (3) failed to state a claim upon which relief can be granted." The superior court dismissed Dunlap & Magee, and later its employees without prejudice. Marks argues the court erred in doing so.

¶12        Marks has not shown how dismissing Dunlap & Magee was in error. The superior court properly concluded that "Dunlap&Magee" was not a real party, and that naming "Dunlap&Magee" did not properly join Dunlap & Magee Property Management, Inc. Contrary to Marks' argument on appeal, the court continued its analysis by concluding that "even if the Court finds that naming 'Dunlap&Magee' is sufficient in suing Dunlap & Magee Property Management, Plaintiff has failed to properly serve Dunlap & Magee Property Management as required by Civil Rule 4.1(i)." Nor has Marks argued on appeal that the court erred in concluding that his complaint failed to state a claim upon which relief could be granted against Dunlap & Magee Property Management, Inc. Accordingly, Marks has not shown that the superior court erred in granting the motion to dismiss Dunlap & Magee.[3]

¶13        Marks next argues that Dunlap & Magee employees Julian Pena, Mari Avila and "Dino" defaulted and waived their right to jointly move to dismiss. Avila and "Dino," however, had not been served before the joint motion to dismiss was filed, meaning the motion was timely. *See* Ariz. R. Civ. P. 12(a)(1)(A)(i). Although Pena had been served, the joint motion to dismiss was filed before Marks filed his application for entry of default against him. Moreover, to the extent the motion was untimely as to Pena under Rule 12(b), the superior court properly could have considered it timely under Rule 12(c). Nor has Marks argued on appeal that the court erred in concluding that his complaint failed to state a claim upon which relief could be granted against Julian Pena, Mari Avila and "Dino."

---

[3] Although Marks argues Dunlap & Magee should not have been dismissed based on respondeat superior, Dunlap & Magee was not properly joined or served, and the complaint does not allege such a theory of liability against Dunlap & Magee.

¶14        Marks argues that PERCII Frank Luke Addition, LLC waived its defenses because it never moved to dismiss. PERCII, however, was not named as a defendant. Accordingly, it was not required to seek dismissal.

¶15        Marks argues that his requests for default against Dunlap & Magee employees Sophia Puente, Fabiola Garcia and Johnathan Shearer should have been granted. However, none of those individuals was named as a defendant in the complaint. Moreover, they were served long after the deadline to do so. Ariz. R. Civ. P. 4(i). Accordingly, there is no showing that default should have been entered against these individuals.

### C.        Apartment Residents.

¶16        Marks sought to name a variety of defendants from two apartment complexes.  Some of the residents never received proper service in the 90-day time frame after Marks filed the October 2018 complaint. Ariz. R. Civ. P. 4(i). Thus, those resident defendants were properly dismissed.

¶17        Marks claims that Daniel Martin's motion to dismiss was improper because it was untimely, claiming Martin evaded service by certified mail. Service by certified mail, however, would only be authorized by court order, and the record reflects no such authorization. *See* Ariz. R. Civ. P. 4.1(k)(2) ("Alternative Means of Service"). Moreover, Martin was never served. As the superior court noted in a January 2019 ruling, Daniel *Martinez* was served, not Daniel *Martin*. The record also supports the court's grant of Martin's motion to dismiss for lack of personal jurisdiction, insufficient service of process and failure to state a claim upon which relief can be granted.

¶18        Marks next argues that various residents listed as defendants should have been defaulted. Only some of these named defendants, however, were properly and timely served. If they were not properly served, they could not be subject to the entry of default. *See* Ariz. R. Civ. P. 55(a)(1) & (2). The defendants who were not properly and timely served include Nicole Perez, Ron Davis, Francisca Carman, Daniel Martin, Dottie Chapman, Teresa Hamper, Debra Brown, Frances Bellard, E. Hernandez, Telemonta Astorga, as well as the John and Jane Does and the purported defendants designated only by apartment number but not specifically named.

¶19        From the record provided, it appears that some of the named defendants who were residents received proper and timely service: Herman Works, Nina Parra, Joseph Hernandez, Lara Carillo, Julie Smith, Sherry Kim, Tena Bosch, Linda Brown, Leann Houston, Greg Varela, Iris

Quinones and Rebecca Robles. However, as to these defendants, Marks' claim of improper denial of his requests for entry of default and default judgment fails.

¶20        Marks argues the superior court "erred by denying every application, motion, pleading that the plaintiff filed and by not entering default." Marks made nine variously-titled filings seeking entry of default or default judgment. However, the superior court properly could conclude that many of those filings were inadequate to result in the entry of default (a prerequisite for entry of default judgment). Indeed, Marks repeatedly filed numerous similar, but not identical, requests for entry of default, sufficient for the court to conclude that the prior filings were inadequate, and the subsequent filings were intended to displace and cure defects in the prior filings, including filing them with the appropriate judicial officer.

¶21        The last of these various requests regarding default, filed in May 2020, was titled "Amended Application/Motion/Affidavit for Entry of Default Judgment on Remaining Defendants" and was properly filed with a Commissioner. Even then, the motion sought entry of default judgment, which would only be warranted if default had been properly entered after the filing of a proper application for entry of default. *See* Ariz. R. Civ. P. 55(b) & 55(a)(4). Moreover, the May 2020 Amended Application states it sought entry of default judgment but was filed pursuant to Rule 55(a), which applies to an entry of *default* rather than *default judgment*. The filing does not reference any defaults being entered under Rule 55(a), a prerequisite to entry of a default judgment, and also seeks relief against individuals who were not properly named as defendants or properly served. On this record, Marks has not shown that the court erred in denying his May 2020 Amended Application or otherwise addressing his prior filings regarding entry of default or default judgment.

**II.    Marks Has Not Shown that the Superior Court Erred in Denying Various Motions He Filed.**

**A.    Motion for Names of Defendants.**

¶22        Marks filed several motions for names of the defendants, seeking the names of individuals who leased the apartments listed in his complaint. Marks cited no authority supporting such requests. In denying the requests, the superior court noted that it "knows of no legal authority that requires defense attorneys or the actual defendants to provide Plaintiff with information so that he can add other, unnamed parties to his Complaint." On this record, Marks has shown no error in that ruling.

### B. Motion for Leave to Amend.

**¶23** In January 2019, Marks filed a motion for leave to file an amended complaint, seeking to add as a defendant PERCII Frank Luke Additions, LLC, alleged to own one of the apartment complexes, and to add the name of additional defendants at some specified time in the future "once available." The superior court denied that motion as futile, noting it sought to reassert claims that were dismissed with prejudice; that the proposed amended complaint was "filled [with] legal conclusions, without supporting factual allegations, and does not comply with Civil Rule 8's notice pleading standard." Although noting "amendments to complaints are liberally granted, the Court does not have to do so if the amendment will be futile." Marks has cited no authority to the contrary and does not support his claim of error with any legal authority. *Valley Vendors Corp. v. City of Phoenix*, 126 Ariz. 491, 494 (App. 1980) (a legal argument is abandoned if unsupported by argument or citation of legal authority). Apart from waiver, Marks has shown no abuse of discretion in the court's denial of his motion for leave to amend. *See Alosi v. Hewitt*, 229 Ariz. 449, 452 ¶ 13 (App. 2012) (finding a superior court does not abuse its discretion in its denial of a motion to amend if it would be futile).

### C. Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted.

**¶24** Marks argues that his complaint properly stated cognizable claims for relief, meaning the superior court erred in dismissing his complaint for failure to state a claim. As noted above, most of the defendants were dismissed for reasons unrelated to the adequacy of the complaint. For those that were dismissed solely based on a failure to state a claim upon which relief can be granted, the complaint does not link the alleged facts to any relevant legal theory. Nor does it provide the required short and plain statement of the claim showing that the pleader is entitled to relief. Ariz. R. Civ. P. 8(a). The complaint, instead, sought remedies without any reference to the basis for such relief, including appointing Marks an independent investigator, polygraph examiner and attorney. No authority is offered for the court to provide such relief. Nor did his motion for leave to amend, filed after various motions to dismiss had been filed, seek to cure these defects. On this record, Marks has shown no error in the conclusion that his complaint failed to state a claim upon which relief can

be granted against the defendants who were not dismissed on other grounds.[4]

### D. Motions to Vacate/for Reconsideration.

**¶25**     Marks argues the superior court erred in denying his motion to vacate various pre-judgment rulings and his motions for reconsideration. For the reasons set forth above, however, Marks has shown no error in the court's underlying rulings, meaning he can show no error in denying his motions to vacate for reconsideration.

### CONCLUSION

**¶26**     Because Marks has shown no error, the judgment is affirmed. Appellees are awarded their taxable costs incurred on appeal, contingent upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA

---

[4] Marks also claims he had a right to a surveillance camera video pursuant to Ariz. R. Civ. P. 26(b)(1). But the references to his requests for such a video pre-date the filing of his complaint. Moreover, to the extent that he claims disclosure or discovery obligations meant he should have secured a copy of such a video, he has not shown how he invoked any discovery mechanism, or that disclosure statements were required but not provided. *See* Ariz. R. Civ. P. 26 & 26.1(f)(1) (noting disclosure obligations are triggered by the filing of a responsive pleading); Ariz. R. Civ. P. 7 (defining allowed pleadings).