599 P.2d 252

**STATE of Arizona, Appellee,**

v.

**Willie Joe MOSES, Appellant.**

**No. 1 CA–CR 3396.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 12, 1979.

Rehearing Denied July 27, 1979.

Review Denied Sept. 13, 1979.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Engdahl, Jerman & Estep by Thomas E. Haney, Phoenix, for appellant.

## OPINION

SCHROEDER, Presiding Judge.

Appellant, Willie Joe Moses, was convicted after a jury trial of obtaining money by a confidence game in violation of former A.R.S. § 13–312, and of obtaining money by means of a scheme or artifice to defraud in violation of former A.R.S. § 13–320.01.[1] He appeals only from his conviction under the latter section and the sentence imposed on that conviction of not less than five nor more than ten years.

Appellant's conviction under A.R.S. § 13–320.01 was based upon his participation in a scam known as the "Jamaican Switch." The appellant approached the victim and, in an assumed foreign accent, asked directions to a boarding house. The appellant's accomplice, Patricia Hard, then approached appellant and offered to show him to a boarding house. Appellant then showed the victim that he had a large amount of cash and stated that he did not trust the woman. He prevailed upon the victim to hold the cash for him, and to indicate his good faith by placing the victim's own money in the same handkerchief with that of the appellant. The handkerchief was then deposited in the trunk of the victim's automobile. Unknown to the victim, however, the appellant switched the handkerchiefs. When the victim later opened the handkerchief, he found only folded paper. He was unable to relocate either the appellant or Hard.

The sole issue raised in this appeal is whether the state must prove that the victim intended to transfer title of the property to the appellant in order to support a conviction under § 13–320.01. The appellant argues that this essential element is missing because the victim merely intended to part with his money temporarily as a display of good faith.

A.R.S. § 13–320.01 provides as follows:

Any person who, pursuant to a scheme or artifice to defraud, knowingly and intentionally obtains or attempts to obtain money, property or any other thing of value by means of false or fraudulent pretenses, representations or promises is guilty of a felony punishable by imprisonment in the state prison for not more than twenty years, by a fine not to exceed twenty thousand dollars, or both.

Appellant argues that this provision is a codification of the common law crime of false pretenses, and that even though the statute itself makes no reference to any requirement of intent to transfer title or ownership, that element is nevertheless embodied in it. Appellant relies upon cases in other jurisdictions holding that proof of an intent to pass to the victim only temporary possession of the property is not sufficient to sustain a conviction under the statutes of those states. *Welch v. State*, 78 Okl.Cr. 180, 146 P.2d 141 (1944); *People v. Niver*, 7 Mich.App. 652, 152 N.W.2d 714 (1967); *State v. Sabins*, 256 Iowa 295, 127 N.W.2d 107 (1964); *People v. Aiken*, 222 Cal.App.2d 45, 34 Cal.Rptr. 828 (1963); *Zarate v. People*, 163 Colo. 205, 429 P.2d 309 (1967). That view is succinctly stated in Perkins on Criminal Law, ch. 4 § 4(C)(1) 2nd ed. 1969, p. 306:

. . . [T]he generally accepted view is that the crime of false pretenses has not been committed unless the wrongdoer, by his fraudulent scheme, has obtained the title or ownership—or whatever property interest the victim had in the chattel if it was less than title.

Appellant's entire argument is premised on the assumption that in enacting A.R.S. § 13–320.01 the legislature intended to codify a common law crime of false pretenses. We disagree. The State correctly recognizes that the section was derived from the Federal Mail Fraud Statute, 18 U.S.C. §§ 1341–1343. It was not

---

1. With some modifications, these statutes have been enacted in the present Criminal Code as A.R.S. § 13–2310.

enacted until 1976 and encompasses a very broad range of fraudulent activities.

 We hold that the State offered sufficient evidence to support the appellant's conviction of fraudulently obtaining money pursuant to a scheme or artifice, in violation of former A.R.S. § 13–320.01.

Affirmed.

OGG, C. J., concurring.

JACOBSON, J., concurs in the result.