648 P.2d 1060

**HIGHWAY PRODUCTS COMPANY,**
Petitioner,

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW BOARD; Jim Weeks, Jack R. Duncan, Vernon Hastings, Dr. Lynn Wilson and Hugh W. Stewart, as members of said Board; and The Division of Occupational Safety and Health of the Industrial Commission of Arizona, real party in interest, Respondents.**

No. 1 CA–IC 2706.

Court of Appeals of Arizona,
Division 1, Department C.

July 13, 1982.

Andrews, Marenda & Moseley, P. A. by Michael D. Mercier, Phoenix, for petitioner.

James A. Overholt, Acting Chief Counsel, Indus. Com'n of Arizona by Roger Rea, Legal Counsel, Phoenix, for respondents.

## OPINION

CONTRERAS, Judge.

At issue is whether the administrative law judge properly dismissed petitioner's untimely request for a hearing to contest alleged occupational safety violations, and whether the respondent Board erred in its order affirming that dismissal. We find no error and affirm the dismissal.

## BACKGROUND

Between November 12 and November 18, 1980, respondent Division conducted a general schedule inspection at the business premises of the petitioner in Phoenix. The inspection disclosed multiple safety viola-

tions. On December 5, 1980, in Case No. 72–210–81, respondent issued:

I) Citation 1, Items 1–4, alleging serious violations and imposing a penalty of $1,120, and

II) Citation 2, Items 1–6, alleging non-serious violations and imposing no penalty.

The two citations, together with an explanatory cover letter, were received by petitioner on December 9, 1980. The letter stated, inter alia:

You are hereby notified, or will soon be notified, whether or not penalty(ies) will be proposed as a result of the cited violation(s). You have the right to contest any or all parts of either the citation(s) or the proposed penalty(ies) pursuant to A.R.S. Section 23–420. If you do contest, you should submit a letter to the Director at the address shown above within 15 working days after receipt of the certified mail notice regarding proposed penalty(ies). If you fail to contest within the 15 working day period, the citation(s) and the penalty(ies) as proposed, shall be deemed to be a final order of the Commission and not subject to review by any court or agency.

Petitioner did not contest either of the above citations within 15 working days.

On January 29, 1981, respondent conducted a reinspection. On February 23, 1981, respondent issued:

III) Notification of Failure to Correct Alleged Violation (Citation 2, Item 3), with an additional penalty of $700,

IV) Citation 1, Items 1–2, alleging repeated violations and imposing a penalty of $140, and

V) Citation 2, Item 1, alleging a non-serious violation and imposing no penalty.

The notification and citations, together with another cover letter, were received by petitioner on February 24, 1981.

On March 4, 1981, petitioner filed its notice of contest and requested a hearing on items I, III, IV and V above. The notice was filed within 15 working days after the receipt of the second set of citations, and was timely as to items III, IV and V, which are of no further relevance to the disposition of this appeal.

Respondent Division moved to dismiss the notice of contest and request for hearing as it pertained to Citation 1 issued on December 5, 1980 (item I) on the ground that petitioner had failed to request a hearing within 15 working days of receipt of the citation and notification of penalty, as required by A.R.S. § 23–417(B). The administrative law judge dismissed that portion of the request, and the Board affirmed. Petitioner then filed this special action pursuant to A.R.S. § 23–423(I).

## CONSTITUTIONALITY

A.R.S. § 23–417 is part of the Arizona Occupational Safety and Health Act of 1972, and provides, in pertinent part:

§ 23–417. Enforcement procedure

A. If the director, following an inspection or investigation, issues a citation pursuant to § 23–415 he shall, within a reasonable time after termination of the inspection or investigation, notify the employer by mail of any penalty proposed to be assessed pursuant to § 23–418 and that the employer has fifteen working days within which to notify the director in writing if he wishes to contest the citation or proposed assessment of penalty. If the employer fails to notify the director in writing within fifteen working days of receipt of the notice that he intends to contest the citation or penalty and no notice is filed by any employee or representative of employees pursuant to subsection D of this section within such time, the citation and the assessment, as proposed, shall be a final order of the commission and not subject to review by any court or agency.

B. The period permitted for correction of a violation shall not begin to run until the entry of a final order in the case of any review proceedings pursuant to this section initiated by the employer in good faith and not solely for delay or avoid-

ance of penalties. If the division has reason to believe an employer has failed to correct a violation for which a citation has been issued within the period permitted, the director shall notify the employer by mail of such failure, of the penalty proposed to be assessed pursuant to § 23–418 and that the employer has fifteen working days within which to notify the director in writing if he wishes to contest the notification or proposed assessment of penalty. If the employer fails to notify the director in writing within fifteen working days of receipt of the notice that he intends to contest the notice or penalty, the notice and assessment, as proposed, shall be deemed a final order of the commission and not subject to review by any court or agency.[1]

Petitioner argues that the 15-day finality provision operates to deprive it of property without due process of law. Petitioner raises several related contentions, while candidly admitting " . . . through inadvertence Highway Products failed to contest the alleged violations within 15 working days."

■ First, petitioner argues that the penalties cannot be imposed and allowed to become final if an employer is given no opportunity at all for a hearing. The short answer is that an opportunity for a hearing *is* provided. A.R.S. § 23–420 provides:

§ 23–420. Hearing rights and procedures

A. Subject to the provisions of § 23–417 an interested party may request a hearing.

B. A request for hearing shall be made in writing, signed by or on behalf of the interested party and including his address, stating that a hearing is desired, and mailed to the commission. The request shall also state with particularity the violation, abatement period or penalty which is being protested. Any violation, abatement period or penalty not protested within the time limit specified on the citation or penalty notice will be deemed admitted.

C. The commission shall refer the request for hearing to the administrative law judge division for determination as expeditiously as possible. . . .

Since an opportunity for hearing is explicitly provided by statute, petitioner's reliance on *Bennett v. Arizona State Board of Public Welfare*, 95 Ariz. 170, 388 P.2d 166 (1963), and *Camerena v. Department of Public Welfare*, 9 Ariz.App. 120, 449 P.2d 957 (1969), is misplaced.

Second, petitioner apparently argues that the statutory plan is in effect an outright denial of an opportunity for a hearing, since the time period within which to request such a hearing is short and "an employer's inadvertent failure to file a timely notice operates as an absolute prohibition of any inquiry into the merits of the alleged violation." We agree that such is the practical effect of the statutory plan but disagree that petitioner is thereby denied due process of law.

■ Petitioner concedes that federal courts have held that the equivalent federal statute[2] does not deny the due process guaranteed by the fifth and fourteenth amendments to the United States Constitu-

---

1. The parties seem to agree that subsection B is applicable, but it appears to us that subsection A is applicable. Petitioner challenges the finality of a citation and assessment, not the notification of failure to correct a violation and assessment.

2. 29 U.S.C. § 659. Enforcement procedures.
   (a) If, after an inspection or investigation, the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

tion. *McLean Trucking Co. v. Occupational Safety and Health Review Commission*, 503 F.2d 8 (4th Cir. 1974); *Brennan v. Winters Battery Mfg. Co.*, 531 F.2d 317 (6th Cir. 1975), *cert. denied sub nom Winters Battery Mfg. Co. v. Usery*, 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976).[3] Petitioner contends, however, that more due process should be accorded under Article II, § 4 of the Arizona Constitution, and that the statutory plan here in question fails to meet the higher state standard. Petitioner offers no authority for such a proposition and we decline to adopt it. We conclude that the statutory plan satisfies the due process requirements of the Arizona Constitution as well as those of the United States Constitution.

Under the provisions of the Act, [petitioner] had an opportunity for a due process hearing before an Administrative Law Judge and the Commission, and the right to judicial review before this court. It forfeited that right by failing to give notification to contest within fifteen working days. Although it may be argued with logic that the time period is too short, this is a matter for determination by [the legislature]. *Yakus v. United States*, 321 U.S. 414, 433, 64 S.Ct. 660 [671], 88 L.Ed. 834 (1944). The controlling fact is that [petitioner] had a right to a due process hearing, which it failed to exercise. We find no deprivation of due process.

*Brennan v. Winters Battery Mfg. Co., supra*, 531 F.2d at 324–325.

■ Third, petitioner apparently argues that since the statutory plan makes no pro-

vision for relief comparable to that afforded from default judgments in civil cases by Rule 60(c), Arizona Rules of Civil Procedure, the statutory plan denies due process.[4] Again, petitioner offers no authority for the proposition that Rule 60(c) is of constitutional stature or that some equivalent avenue of relief in these proceedings is constitutionally mandated. A holding to the contrary is at least implicit in the federal cases sustaining, against due process challenges, the federal statute which likewise affords no relief on the ground of inadvertence or excusable neglect. We find no deprivation of due process.

■ Finally, petitioner argues that the inadvertent failure to file a written contest cannot constitute an informed and voluntary waiver of petitioner's constitutional rights. It is not clear to which specific constitutional rights petitioner is referring. If petitioner is referring to the due process right to a hearing, we have already held that petitioner waived that right by failure, inadvertent or intentional, to timely file a written protest.

■ On the other hand, petitioner characterizes these proceedings as "quasi-criminal", cites the rights guaranteed to an accused in a criminal prosecution, and states that any waiver must be intelligently and voluntarily made. Respondent asserts, and we agree, that the constitutional rights of a criminal defendant have nothing to do with proceedings before administrative agencies which may result in the imposition of civil penalties. Employer claims of rights to

3. When an Arizona statute is derived from a federal statute, the construction given by federal courts will be persuasive. *Arizona Civil Rights Division v. Olson et al.*, 132 Ariz. 20, 643 P.2d 723 (App.1982); *State v. Moses*, 123 Ariz. 296, 599 P.2d 252 (App.1979). We believe that federal decisions regarding the constitutionality of the federal statute are entitled to the same consideration.

4. Petitioner phrases its argument thus:

In order to achieve substantial justice, the approach taken by Rule 60(c), which allows relief from a judgment by default, where there has been some inadvertence, mistake,

or newly discovered evidence, with a meritorious defense, is appropriate.

Respondent, on the other hand, suggests that the serious question before this Court is whether Rule 60(c), A.R.C.P. provides Petitioner any basis upon which to urge that the Administrative Law Judge erred when he granted Respondent's Motion to Dismiss Petitioner's Request for Hearing.

We do not perceive this to be the thrust of petitioner's argument, and decline to offer an opinion on the literal applicability of Rule 60(c) to proceedings such as these before the Industrial Commission.

jury trial and counsel, and rights against self-incrimination and unreasonable searches and seizures have been uniformly rejected by the federal courts. *Atlas Roofing Co. v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977); *Brennan v. Winters Battery Mfg. Co., supra,* and cases cited therein. Again, petitioner offers no authority for the proposition that a different result should obtain under Arizona law. Petitioner's claim to the constitutional rights afforded a criminal defendant is without merit.

For the foregoing reasons, the decision of the Review Board is affirmed.

EUBANK and FROEB, JJ., concur.