990 P.2d 677

**Michael G. WALTERS, a single man, Plaintiff–Appellant,**

v.

**MARICOPA COUNTY, a body politic and corporate, Defendant–Appellee.**

**No. 1 CA–CV 98–0691.**

Court of Appeals of Arizona, Division 1, Department E.

July 13, 1999.

Review Denied Feb. 16, 2000.

Law Offices of Fred J. Pain, Jr. and John Greg Pain by Fred J. Pain Jr. and John Greg Pain, Scottsdale, Attorneys for Appellant.

Bryan Cave, LLP by L. Eric Dowell, James Thomas Tucker, and Joseph T. Clees, Phoenix, Attorneys for Appellee.

## OPINION

KLEINSCHMIDT, Judge.

¶ 1 The Plaintiff, Michael G. Walters, was an employee of Maricopa County. He was fired, and he sued the County for wrongful discharge. The trial court dismissed the suit on the grounds that Walters had failed to invoke administrative procedures as provided for by statute. We hold that the statutory administrative remedy is permissive, not mandatory, and we reverse and remand the case for further proceedings.

¶ 2 Because this appeal is from the grant of a motion to dismiss, we consider the facts alleged in the complaint to be true. *Anson v. American Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (App.1987).

¶ 3 Walters worked for the County risk management program dealing with environmental hazards on county property. He advised his superiors that an independent audit was necessary to determine whether environmental hazards existed at County facilities. Walters was told that an audit would be conducted.

¶ 4 In preparation for the audit, Walters prepared a report showing the areas to be audited. With the knowledge of his superiors, he used imaginary figures in the report to project costs. He hoped these figures would illustrate the importance of the audit and would show how the audit would quantify the costs of remedying potential hazards.

¶ 5 Without Walters' knowledge, the County published the figures from his report as its estimate of its environmental liability and used these numbers in a prospectus to sell Maricopa County bonds. Publication of false information in a prospectus violates consumer fraud and security fraud statutes.

¶ 6 In October 1996 Walters learned that the County was not going to conduct an audit and that it had used the imaginary figures as estimates of its probable environmental liability. He told his superiors that they were violating the law by publishing imaginary figures to people and institutions who would rely on them, and he said that he would report the matter to the Arizona Attorney General unless they arranged for an audit and stopped publishing the imaginary figures.

¶ 7 Later that month, Walters received an unsatisfactory performance evaluation. When he objected, the evaluation was changed to an acceptable one. In late November the County's chief financial officer

terminated Walters' employment, effective immediately. Her termination letter stated that because Walters was an unclassified employee, he did not have the right to appeal the termination. No reason was given for the termination.

¶ 8 Within a year after he was fired, Walters filed a claim against the County which was denied. In September 1997 he sued the County for wrongful termination.

¶ 9 The County filed a motion to dismiss in which it argued that Walters' exclusive remedy for his "whistle-blower" claim was provided by Arizona's Public Employee Disclosure of Information Act, Arizona Revised Statutes Annotated ("A.R.S.") sections 38–531 to 38–534. The County argued that the court had no jurisdiction over Walters' suit because he had not followed the statutory administrative procedure. In response, Walters argued that section 38–532 provides an administrative remedy that is permissive, not mandatory. The trial court granted the County's motion to dismiss.

¶ 10 After the court announced its decision, Walters filed a motion for new trial and a motion for leave to file an amended complaint. He wanted to add allegations that when he was fired, he did not know that his discharge was a reprisal for his disclosure of misconduct by his superiors, that he was led to believe that no administrative appeal was available to him, and that by the time he learned that his termination was a reprisal, the ten-day period in which he could have filed an administrative complaint had long expired. The trial court denied both motions, and this appeal ensued.

¶ 11 Arizona Revised Statutes Annotated section 38–532 provides that an employee who has control over personnel actions is prohibited from "reprisal against an employee for a disclosure of information of a matter of public concern by the employee to a public body which the employee reasonably believes evidences ... a violation of any law." Paragraph D of A.R.S. section 38–532 states that "[a]n employee or former employee against whom a prohibited personnel practice is committed may recover attorney fees, costs, back pay, general and special damages and full reinstatement for any reprisal resulting from

the prohibited personnel practice as determined by the court."

¶ 12 Paragraphs H and I provide an administrative remedy:

**H.** If an employee or former employee believes that a personnel action taken against him is the result of his disclosure of information under this section, he may make a complaint to an appropriate independent personnel board, if one is established or authorized pursuant to § 38–534.... If an independent personnel board has not been established or authorized, ... the employee or former employee may make a complaint to the state personnel board. A complaint made pursuant to this subsection shall be made within ten days of the effective date of the action taken against him. The state personnel board, ... or other appropriate independent personnel board, shall, pursuant to the rules governing appeals under § 41–785, make a determination concerning:

1. The validity of the complaint.

2. Whether a prohibited personnel practice was committed against the employee or former employee as a result of disclosure of information by the employee or former employee.

**I.** If the state personnel board, ... or other appropriate independent personnel board established or authorized pursuant to § 38–534 determines that a prohibited personnel practice was committed as a result of disclosure of information by the employee or former employee, it shall rescind the personnel action and order that all lost pay and benefits be returned to the employee or former employee. The employee, former employee, employee alleged to have committed a prohibited personnel practice pursuant to subsection A of this section or employer may appeal the decision of the state personnel board, ... or other appropriate independent personnel board established or authorized pursuant to § 38–534 to the superior court as provided in title 12, chapter 7, article 6. Notwithstanding § 12–910, an appeal to the

superior court under this subsection shall be tried de novo.

(Footnote omitted.)

¶ 13 If a party fails to exhaust mandatory administrative remedies and pursues judicial relief instead, the superior court lacks jurisdiction over the matter. *Southwest Ambulance of Southeastern Arizona, Inc. v. Superior Court,* 187 Ariz. 290, 293, 928 P.2d 714, 717 (App.1996). The exhaustion requirement does not apply, however, if the administrative remedy expressly or impliedly authorized by statute is permissive. *Campbell v. Chatwin,* 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967).

¶ 14 The parties' disagreement about whether A.R.S. section 38–532 is permissive or mandatory centers on the phrase in paragraph H to the effect that an employee or former employee "may make a complaint" to a personnel board. The word "may" is not always interpreted as permissive and can be read as mandatory depending upon the context in which it is used. *State v. Mileham,* 1 Ariz.App. 67, 69, 399 P.2d 688, 690 (1965). In fact, some Arizona courts have concluded that the use of the word "may" gives an option only in the sense that a party may decide not to pursue further review. *See Hamilton v. State,* 186 Ariz. 590, 593–94, 925 P.2d 731, 734–35 (App.1996); *Farmers Inv. Co. v. Arizona State Land Dep't,* 136 Ariz. 369, 378, 666 P.2d 469, 478 (App.1982). On the other hand, the Arizona Supreme Court recently decided that a rule providing for rehearing of an administrative decision that contains the word "may" is permissive. *Southwestern Paint & Varnish Co. v. Arizona Dep't of Envtl. Quality,* 976 P.2d 872, ¶ 14 (1999).

¶ 15 If the legislature had wanted to make the statute mandatory, it could easily have said so. Our supreme court has stated, "because the superior courts are courts of general jurisdiction, we construe statutes in favor of retaining jurisdiction and will not find divestiture [of jurisdiction] unless stated clearly, explicitly, and unambiguously." *Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 273, 872 P.2d 668, 677 (1994). Arizona Revised Statutes Annotated section 38–532 does not explicitly state that it is mandatory. If the legislature intended the statute as it presently reads to be mandatory, that intent is not clear and unambiguous.

¶ 16 Several other factors suggest that the administrative remedy is permissive. For example, A.R.S. section 38–532(D) provides that damages may be recovered "as determined by the court." The County argues that this paragraph relates to the damages available from the superior court after an appeal of the personnel board's decision. If that is what was intended, the placement of this damages paragraph several paragraphs before any reference to an administrative remedy is curious. If the statute were mandatory, one would normally expect damages awardable upon appeal of an administrative remedy to be discussed in a more logical order. Paragraph D appears to relate to a court proceeding entirely independent of any administrative proceeding.

¶ 17 The *Hayes* case is also instructive. There, the court examined a statute that arguably limited bad faith claims against workers' compensation carriers to an administrative procedure that allowed no recourse to the court, not even for appeal or review. The court noted that independent judicial and administrative remedies can coexist successfully and held that the statute did not divest courts of jurisdiction but instead established an administrative remedy to complement the available common-law action. *Id.* at 275, 872 P.2d at 679. That reasoning applies here.

¶ 18 Other considerations support the conclusion that the administrative proceedings are an alternative remedy to a court action. Although an administrative complaint under A.R.S. section 38–532(H) must be made within ten days of the effective date of the action taken against the employee, the statute does not provide for any notice of this time limit to affected employees. While section 38–532(G) requires that an employee who requests the information about the statute or alleges reprisal must be provided with a copy of the statute, as a practical matter, many employees will not be aware of the existence of this provision and would not know to request a copy of it. As in the case

before us, it is unlikely that the employer would tell the employee that he or she is being disciplined or dismissed as reprisal for disclosure of information damaging to the employer.

¶ 19 Even if an employee has an idea that he has been fired as a reprisal and is aware of his statutory administrative remedy, he might be very hard pressed to invoke that remedy in the short period of time the statute allows. Ten days leaves little time for an employee to consult counsel and give mature consideration to whether to seek redress. While the legislature might have wanted to provide for a very speedy administrative proceeding, we seriously doubt that it intended to foreclose all remedies within such a short time. If it did, the constitutionality of the act would be in doubt. *See generally Kenyon v. Hammer*, 142 Ariz. 69, 87, 688 P.2d 961, 979 (1984).

¶ 20 The County, countering the argument that a short limitations period does not mean the statute is permissive, cites cases in which courts have upheld short filing periods. *See Mountain View Pioneer Hosp. v. Employment Sec. Comm'n*, 107 Ariz. 81, 84–85, 482 P.2d 448, 451–52 (1971) (ten-day period for petitioning for hearing on disputed unemployment security contributions); *Campbell*, 102 Ariz. at 257–58, 428 P.2d at 114–15 (ten-day and thirty-day periods for motorists to appeal license suspensions); *Brown v. Industrial Comm'n*, 168 Ariz. 287, 288, 812 P.2d 1105, 1106 (App.1991) (thirty days to file for review of industrial commission award); *Highway Products Co. v. Occupational Safety and Health Review Bd.*, 133 Ariz. 54, 56, 648 P.2d 1060, 1062 (App.1982) (fifteen-day period for employer to contest safety citation or proposed penalty). These cases are not particularly persuasive because in some of them the statutes required that aggrieved parties be given notice of the available administrative remedies. *See Highway Products*, 133 Ariz. at 55, 648 P.2d at 1061 (citations stated procedures for contesting them); A.R.S. § 23–942(D) (workers' compensation awards must explain review rights available under A.R.S. § 23–943). In others, the decision to be reviewed was an administrative act of which the aggrieved person was necessarily aware. *See, e.g., Mountain View*, 107 Ariz. at 82–83, 482 P.2d at 448–49 (payment of disputed contribution triggered time for filing petition); *Campbell*, 102 Ariz. at 253–54, 428 P.2d at 110–11 (notices of license suspension triggered filing period). In contrast, the motive for a termination that triggers the filing period under A.R.S. section 38–532 is not necessarily obvious.

¶ 21 The County also argues that the legislature's intent to make the administrative process mandatory may be inferred from the provisions of A.R.S. section 41–782(B) requiring the board to hear claims brought under A.R.S. section 38–532. We disagree. All A.R.S. section 41–782(B) means is that *if* an employee or former employee files an administrative complaint under A.R.S. section 38–532(H), the personnel board must hear the complaint.

¶ 22 The County also argues that Walters' interpretation of A.R.S. section 38–532 ignores the language in A.R.S. section 23–1501(3)(b) that states that if a statute provides a remedy to an employee for its violation, such remedies are exclusive. Again, we disagree with the County's argument.

¶ 23 Arizona Revised Statutes Annotated section 23–1501(3)(b) provides:

> 3. An employee has a claim against an employer for termination of employment only if one or more of the following circumstances have occurred:
>
> . . . .
>
> (b) The employer has terminated the employment relationship of an employee in violation of a statute of this state. If the statute provides a remedy to an employee for a violation of the statute, the remedies provided to an employee for a violation of the statute are the exclusive remedies for the violation of the statute or the public policy set forth in or arising out of the statute, including the following:
>
> (i) The civil rights act prescribed in title 41, chapter 9.
>
> (ii) The occupational safety and health act prescribed in chapter 2, article 10 of this title.

(iii) The statutes governing the hours of employment prescribed in chapter 2 of this title.

(iv) The agricultural employment relations act prescribed in chapter 8, article 5 of this title.

All definitions and restrictions contained in the statute also apply to any civil action based on a violation of the public policy arising out of the statute. If the statute does not provide a remedy to an employee for the violation of the statute, the employee shall have the right to bring a tort claim for wrongful termination in violation of the public policy set forth in the statute.

(Footnotes omitted.)

¶ 24 One drawback to the County's argument based on A.R.S. section 23–1501(3)(b) is that it does not specifically apply to a reprisal or whistle-blowing situation, whereas another statute, A.R.S. section 23–1501(3)(c)(ii), does deal with the remedies for an employee terminated for whistle-blowing. It reads:

3. An employee has a claim against an employer for termination of employment only if one or more of the following circumstances have occurred:

. . . .

(c) The employer has terminated the employment relationship of an employee in retaliation for any of the following:

. . . .

(ii) The disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or the statutes of this state to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violations of the [C]onstitution of Arizona or statutes of this state or an employee of a public body or political subdivision of this state or any agency of a public body or political subdivision.

¶ 25 This latter section allows an employee who is discharged to file a civil action for wrongful discharge if whistle-blowing is alleged. If A.R.S. section 38–532 is interpreted as taking away the right to file a wrongful termination action in court, it would be in conflict with A.R.S. section 23–1501(3)(c)(ii) and, indeed, would effect a repeal of the later provision. Repeals by inference are not favored. *See Estate of Hernandez v. Arizona Brd. of Regents,* 177 Ariz. 244, 249, 866 P.2d 1330, 1335 (1994). When considering the effect of two related statutes, we construe and interpret them, whenever possible, in a way that gives effect to both. *See Pima County v. Maya Constr. Co.,* 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). Thus, we believe A.R.S. section 38–532 gives an alternative, permissive administrative remedy that leaves open the opportunity for an employee to file an original action in the superior court.

¶ 26 Finally, the County argues that because A.R.S. section 38–532(I) provides for an appeal from the administrative proceedings that is tried *de novo,* the statute contemplates that an administrative proceeding has preceded any court action. We agree that a trial *de novo* means that an issue that has been previously tried will be tried anew. This fact, however, does not preclude an original court action. As we read the statute, the employee may file either a wrongful discharge action in court or an administrative complaint. If the employee is not successful in the administrative proceeding, he may appeal to the superior court where review is *de novo.* This scheme encourages an employee to use the more expeditious administrative proceeding without giving up the benefits of *de novo* judicial review if he disagrees with the administrative outcome. However, it also allows an employee who wishes to forego administrative review to proceed directly to court.

¶ 27 Because of our disposition of this appeal, we need not reach Walters' issues concerning the constitutionality of A.R.S. section 38–532 and the amendment of his complaint.

¶ 28 Walters requests an award of attorneys' fees under A.R.S. section 38–532(D), which allows recovery of fees by an employee

or former employee against whom a prohibited personnel practice is committed. Because the question whether a prohibited personnel practice was committed against Walters has yet to be litigated, we will not award fees to Walters at this point. If he prevails in the trial court, he may seek an award of fees, including fees incurred in this appeal, in that court.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and EDWARD C. VOSS, Judge.