NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SEDONA-OAK CREEK AIRPORT AUTHORITY INC.,
*Plaintiff/Appellee*,

v.

DAKOTA TERRITORY TOURS ACC,
*Defendant/Appellant*.

No. 1 CA-CV 20-0158
FILED 1-12-2021

Appeal from the Superior Court in Yavapai County
No.  V1300CV201980119
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Henze Cook Murphy PLLC, Phoenix
By Kiersten A. Murphy
*Co-Counsel for Plaintiff/Appellee*

Law Office of Tony S. Cullum PC, Flagstaff
By Tony S. Cullum
*Co-Counsel for Plaintiff/Appellee*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        Dakota Territory Tours AAC ("Dakota") appeals from an order granting summary judgment and finding it guilty of forcible detainer. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2        Dakota conducts a helicopter and fixed-wing air tour business out of the Sedona Airport under a lease agreement with Sedona-Oak Creek Airport Authority Inc. ("SOCAA"), which manages the airport's operations. In 2012, Dakota entered into a 24-month commercial activity lease with SOCAA for property on the Sedona Airport ("the Property"). The parties later extended the lease to expire in April 2017.

¶3        In 2014, Dakota initiated a civil lawsuit against SOCAA over a lease dispute. The parties reached a settlement agreement ("Settlement Agreement") in April 2017, before the lease expired. In pertinent part, the Settlement Agreement provided the following:

> [SOCAA] has agreed, and hereby confirms that it has agreed to continue leasing the existing property pursuant to the existing lease on a month-to-month basis until an RFP issues. In the event Dakota is the successful bidder, then a new lease will issue to Dakota and its use of the premises will not be interrupted. In the event Dakota is not the successful bidder, Dakota must vacate the premises no later than thirty (30) days after receipt of the (30) day notice . . . which [SOCAA] may provide at any time on or after the date of the award . . . advising of the date of the award and that Dakota must vacate

---

[1]      Dakota filed a "Motion to Reschedule Oral Argument" on November 9, 2020, then filed a "Withdrawal of the Motion to Reschedule Oral Argument." It is ordered accepting Dakota's withdrawal and denying the motion as moot.

the premises within thirty (30) days. No other notice of termination shall be required from [SOCAA].

¶4        SOCAA issued a request for proposals ("RFP") in May 2017. The RFP provided that "[t]he 'best responsible proponent' shall be that proponent which [SOCAA] and Yavapai County may determine," and "[t]he Yavapai County Board of Supervisors will consider the proposals on or before June, 2017," and that "any proposal will be subject to Federal Aviation Administration review and approval prior to commencement of any lease/agreement." SOCAA received proposals from both Dakota and Guidance Air Service ("Guidance"). On June 26, 2017, SOCAA notified Guidance it had been selected. SOCAA did not consult either the Yavapai County Board of Supervisors ("Board") or the Federal Aviation Administration ("FAA") before deciding the best proponent. SOCAA notified Dakota that its proposal was not chosen and it had thirty days to vacate the Property.

¶5        Instead of vacating the premises, Dakota initiated another civil lawsuit ("the 2017 lawsuit") in Yavapai County Superior Court seeking a temporary restraining order precluding SOCAA from evicting Dakota, arguing that SOCAA breached the RFP because the Board and FAA had not participated in selecting the Guidance proposal. The superior court initially granted a temporary restraining order and held a three-day evidentiary hearing on Dakota's claims. At the end of the hearing, the court invited SOCCA "to file a motion with the Court to lift the injunction."

¶6        SOCAA then filed a motion to dissolve the injunction. The court held argument, found that SOCAA established that the Board was given the requisite opportunity to participate and the FAA was not required to approve, and dissolved the injunction in November 2017.

¶7        SOCAA immediately sent Dakota a new termination notice demanding Dakota vacate the Property. But Dakota appealed, and the matter stayed until this court affirmed the dissolution of the preliminary injunction in April 2019. *See Dakota v. Sedona-Oak Creek Airport Auth. Inc.*, 1 CA-CV 17-0767, 2019 WL 1499853 (Ariz. App. Apr. 4, 2019) (mem. decision).

¶8        After this court issued its decision, SOCAA notified Dakota it would bring a forcible entry and detainer ("FED") action if Dakota did not vacate the Property. Dakota failed to vacate the Property, and SOCAA filed a FED complaint. The superior court stayed the FED action until this court issued a mandate for the 2017 lawsuit. We issued an amended mandate in October 2019.

**¶9**         Dakota requested a jury trial in the FED action.  The superior court initially granted Dakota's request for a jury trial in a preliminary ruling before the oral argument.  SOCAA then moved for summary judgment, which Dakota opposed.  The court granted summary judgment in favor of SOCAA and found Dakota guilty of forcible detainer under A.R.S. §§ 12-1171(3) and -1173(1).  The court denied Dakota's request for a jury trial, noting that after considering the motions and oral arguments, it determined there was "no material question of fact related to the right to possession":

> Dakota's right to remain on the property extinguished when SOCAA completed the RFP process by presenting the proposals to the County Board of Supervisors.  Importantly, Judge Napper lifted the injunction in the civil cases finding that SOCAA had complied with the RFP.  The tenancy clearly terminated after SOCAA issued the RFP and selected Guidance as the winner of the RFP.  Following the appeal and issuance of the mandate, written notice to vacate was sent to Dakota and Dakota failed to vacate the premises.  The Settlement Agreement provided for 30 days' notice to vacate the property following the issuance of the RFP if the winner was not Dakota. SOCAA has provided notice in excess of that time.  Dakota stated at oral argument that it did not dispute notice.  The court **finds** based on the facts that Dakota has retained possession after its tenancy has terminated and after it received written demand of possession by SOCAA.

**¶10**         A signed judgment was filed on March 6, 2020.  The judgment found Dakota guilty of forcible detainer of the Property and awarded SOCAA attorney fees and costs.  Dakota timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11**         Dakota claims the superior court erred by failing to grant its request for a jury trial, overlooking genuine issues of material fact, and finding that SOCAA has the right of actual possession of the Property.

## I.     Denial of Jury Trial.

**¶12**         Dakota claims the superior court violated its statutory and constitutional right to a jury trial when it entered summary judgment. "Interpreting rules, statutes, and constitutional provisions raises questions

4

of law, which we review de novo." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 6 (2007).

### A. Right to Jury Trial Under A.R.S. § 12-1176.

**¶13** Dakota argues that A.R.S. § 12-1176 grants parties to FED actions "a substantive, absolute right to a jury trial" that, if timely exercised, no trial court can deny.

**¶14** A.R.S. § 12-1176 provides:

> (A) If a jury trial is requested by the plaintiff, the court shall grant the request. If the proceeding is in the superior court, the jury shall consist of eight persons, and if the proceeding is in the justice court, the jury shall consist of six persons. The trial date shall be no more than five judicial days after the aggrieved party files the complaint.
>
> (B) If the plaintiff does not request a jury, the defendant may do so on appearing and the request shall be granted.
>
> (C) The action shall be docketed and tried as other civil actions.

**¶15** Dakota argues that the repeated use of "shall" in A.R.S. § 12-1176(B) highlights the substantive nature of the right to a jury trial in FED actions. However, the language in A.R.S. § 12-1176(B) that a request for a jury trial "shall be granted" is not dispositive. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 308-09 (1990) (finding that when there are no material issues of fact, summary judgment does not offend the Arizona Constitution's guarantee that "the right to jury trial 'shall remain inviolate'") (quoting Ariz. Const. art. 2, § 23); *Goldman v. Kautz*, 111 Ariz. 431, 432 (1975) (interpreting statutory language that "[a] trial by jury shall be had if demanded" as being procedural, rather than substantive).[2]

---

[2] Dakota's reliance on cases recognizing a right to a jury trial in criminal cases is misplaced. *See Highway Prods. Co. v. Occupational Safety & Health Review Bd.*, 133 Ariz. 54, 57-58 (App. 1982) ("[T]he constitutional rights of a criminal defendant have nothing to do with proceedings . . . which may result in the imposition of civil penalties."); *cf. also Hoyle v. Superior Court*, 161 Ariz. 224, 226-27 (App. 1989) (noting historical distinction between civil and criminal actions in determining whether there

**¶16**      Rule 11(d) of the Arizona Rules of Procedure for Eviction Actions ("Eviction Rules") provides that "[i]f no factual issues exist for the jury to determine, the matter shall proceed to a trial by the judge alone regarding any legal issues or may [be] disposed of by motion or in accordance with these rules, as appropriate." Dakota argues this rule conflicts with the right to a jury trial provided in A.R.S. § 12-1176 and, therefore, the rule must fail. We disagree. If the statute provides a procedural, as opposed to a substantive, right to a jury trial, then the rule prevails. *See Duff v. Lee*, --- Ariz. ---, 476 P.3d 315, 318, ¶ 12 (2020) (stating that if there is a conflict "between a procedural statute and a rule, the rule prevails") (quoting *Seisinger v. Siebel*, 220 Ariz. 85, 88-89, ¶ 8 (2009)); *see also* Ariz. Const. Art. 6, § 5(5) (conferring power on the supreme court "to make rules relative to all procedural matters in any court"). Thus, we "first must determine whether an irreconcilable conflict exists between the statute and rule," and only "then determine whether the statute is procedural or substantive." *Duff*, --- Ariz. ---, 476 P.3d at 318, ¶ 12.

**¶17**      There is no irreconcilable conflict between A.R.S. § 12-1176 and Eviction Rule 11(d). *See id.* at ¶ 14 ("[W]e avoid interpretations that unnecessarily implicate constitutional concerns." (internal quotation marks and citation omitted)); *Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 57, ¶ 18 (2017) (deciding whether a statute is substantive or procedural is not necessary where they can be harmonized); *Hansen*, 215 Ariz. at 289, ¶ 7 ("Rules and statutes should be harmonized wherever possible and read in conjunction with each other." (internal quotation marks and citation omitted)). Read together, A.R.S. § 12-1176 and Eviction Rule 11(d) provide that a court "shall grant the request" for a jury trial if "factual issues exist for the jury to determine." *See also Brewster-Greene v. Robinson*, 34 Ariz. 547, 552 (1929) ("But in this [forcible detainer action] . . . there was nothing for a jury to pass upon. The salient or controlling facts appear from the pleadings, the lease, and the subsequent compromise agreement. The question to be decided was one of law and for the court."). Because the use of "shall" does not confer a right to a jury trial under any circumstance, but rather a right to a jury trial if there are contested issues of fact, there is no conflict. *See Montano v. Luff*, --- Ariz. ---, 2020 WL 7488071, *4, ¶¶ 15-16 (App. Dec. 21, 2020) (finding no irreconcilable conflict between the mandatory language of A.R.S. § 12-1176(B) and Eviction Rule 11(d)).

---

is a right to a jury trial in paternity actions); *State ex rel. Wanberg v. Smith*, 211 Ariz. 101, 104, ¶ 10 (App. 2005) (emphasizing the need "to distinguish between the two settings in which the language pertaining to jury trials is placed").

### B.    Constitutional Right to a Jury Trial.

**¶18**        Dakota also argues the superior court deprived it of its constitutional right to a jury trial when it entered summary judgment. *See* Ariz. Const. art. 6, § 17 ("The right of jury trial as provided by this constitution shall remain inviolate . . . ."). However, the Arizona Supreme Court has long held that disposition on summary judgment "does no violence to our guarantee of trial by jury" under the Arizona Constitution. *Orme Sch.*, 166 Ariz. at 309.

**¶19**        If summary judgment was proper, the superior court did not deprive Dakota of its statutory or constitutional rights by denying it a jury trial. *Id.* We, therefore, turn to an analysis of whether the superior court erred in granting summary judgment.

## II.    Summary Judgment.

**¶20**        Dakota argues the superior court was precluded from entering summary judgment. First, Dakota argues the Eviction Rules categorically preclude courts from entering summary judgment in FED actions. Second, Dakota claims the superior court overlooked a host of genuine issues of material fact that made summary judgment improper.

### A.    Summary Judgment in FED Actions.

**¶21**        Dakota claims the superior court was not entitled to issue summary judgment, arguing the Eviction Rules do not incorporate Arizona Rule of Civil Procedure 56.

**¶22**        Dakota correctly notes the Eviction Rules replace the Arizona Rules of Civil Procedure ("Civil Rules") in eviction actions. *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 8, ¶ 22 (App. 2018). The Civil Rules apply in eviction actions "only when incorporated by reference" in the Eviction Rules. Eviction Rule 1. But even if the superior court erred in citing Civil Rule 56, Dakota's argument fails because Eviction Rules 9(h) and 11(d) expressly contemplate the summary-judgment procedure employed in this case. Eviction Rule 11(d) provides "[i]f no factual issues exist for the jury to determine, the matter shall proceed to a trial by the judge alone regarding any legal issues or may [be] disposed of by motion or in accordance with these rules, as appropriate."[3] Further, Eviction Rule 9 permits either party

---

[3]        Under the facts of this case, we discern no meaningful difference between the procedures contemplated by Civil Rule 56 ("The court shall

to make "appropriate motions" and provides the court power to "dispose of the motion summarily." We need not consider whether Civil Rule 56 is incorporated because Eviction Rule 11(d) expressly authorizes judges to dispose of the matter by motion if no factual issues exist. Accordingly, the superior court did not err in employing a summary-judgment procedure in this case.

### B. Genuine Issues of Material Fact.

**¶23** Dakota argues that a host of contested, genuine, and material facts precluded summary judgment under Eviction Rule 11(d). The superior court entered summary judgment, finding that Dakota's tenancy clearly terminated after SOCAA selected Guidance as the winner of the RFP and Dakota received written demand of possession by SOCAA.

**¶24** "We review *de novo* whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the superior court correctly applied the law." *Specialty Cos. Grp. LLC v. Meritage Homes of Ariz. Inc.*, 248 Ariz. 434, 438, ¶ 7 (App. 2020). We consider the evidence and all reasonable inferences in the light most favorable to Dakota, the nonmoving party. *Id.*

**¶25** "On the trial of an action of forcible entry or forcible detainer, the only issue shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177(A). The purpose of FED actions is to afford "a summary, speedy, and adequate remedy for obtaining possession of premises withheld by tenants . . . ." *Old Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204-05 (1946). This purpose "would be entirely frustrated if the defendant were permitted to deny his landlord's title, or to interpose customary and usual defenses permissible in the ordinary action at law." *Id.* at 205.

**¶26** A person is guilty of forcible detainer if he:

> Wilfully and without force holds over any lands, tenements
> or other real property after termination of the time for which
> such lands, tenements or other real property were let to him

---

grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."), and those contemplated by Eviction Rule 11(d) ("If no factual issues exist for the jury to determine, the matter . . . may [be] disposed of by motion or in accordance with these rules, as appropriate.").

or to the person under whom he claims, after demand made in writing for the possession thereof by the person entitled to such possession.

A.R.S. § 12-1171(3). Forcible detainer is also established when "[a] tenant at will or by sufferance or a tenant from month to month or a lesser period whose tenancy has been terminated retains possession after his tenancy has been terminated or after he receives written demand of possession by the landlord." A.R.S. § 12-1173(1).

¶27        Dakota's brief lists fifteen issues it claims are genuine issues of material fact, but Dakota does not provide citation, argument, or authority to explain why these factual issues should have precluded summary judgment. Thus, Dakota has waived these claims. *See* ARCAP 13(a)(7) ("An 'argument' . . . must contain . . . contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the [party] relies."); *see also Stafford v. Burns*, 241 Ariz. 474, 483, ¶ 34 (App. 2017) (finding appellant's failure to develop an argument in a meaningful way constituted waiver).

¶28        Moreover, we find these fifteen factual issues to be primarily subsumed within or duplicative of an additional six issues raised by Dakota related to the validity and enforceability of the RFP. In summary, Dakota asserts the following six issues were contested, genuine, and material issues of fact that the superior court overlooked: (i) the Board and FAA did not review and approve the RFP;[4] (ii) the RFP featured an illegal provision; (iii) the RFP was for a different building and site than the Property; (iv) Dakota's business would have been interrupted had it been awarded the RFP; (v) Guidance's bid did not comply with the RFP's stated requirements; and (vi) the RFP was a "sham" and just a pretext to eject Dakota from the Property.

¶29        We agree with the superior court that Dakota's asserted issues are impermissible counterclaims related to the Settlement Agreement and "are already subject of an existing case between the parties . . . ." Such "counterclaims, offsets and cross complaints are not available either as a defense or for affirmative relief" in this FED action. *See Old Bros. Lumber Co.*, 64 Ariz. at 204-05. Because the claimed factual disputes are not

---

[4]        SOCAA asserts that this issue has already been resolved in its favor in prior proceedings. *See Dakota*, 2019 WL 1499853, at *3, ¶ 19. Because we conclude these issues are not pertinent to the FED action, we do not address SOCAA's argument.

pertinent to the FED proceedings, they are not material issues of fact precluding summary judgment.

### C.    Right of Actual Possession.

¶30        The parties agree that the Settlement Agreement determined the right of actual possession.  Because the Settlement Agreement allowed Dakota "to continue leasing the existing property . . . until an RFP issues[,]" Dakota argues the RFP for a different facility was not valid and it retains a right of possession under the Settlement Agreement until SOCAA issues a valid RFP.

¶31        We disagree.  "[T]he right to actual possession is the only issue to be determined in [an FED] action."  *Old Bros. Lumber Co.*, 64 Ariz. at 204.  The Settlement Agreement provided Dakota with a right of possession only until the RFP was issued, a winner selected, and notice provided.  The Settlement Agreement does not define or set forth requirements for the RFP.  Thus, the only factual issues relevant to the FED action are whether SOCAA issued an RFP, selected Guidance as the winner, and provided Dakota notice to vacate.  Although Dakota contests the terms of the RFP, it admits one was issued, SOCAA notified Guidance that its proposal had been selected, SOAA notified Dakota that its proposal had not been selected, and SOCAA provided Dakota notice that its lease had been terminated. [5]  Thus, under the Settlement Agreement, Dakota's right to possession of the Property ended.  Dakota's claims that the RFP was flawed may give rise to damages claims for breach of contract or the covenant of good faith and fair dealing, and are currently being litigated in a separate civil action.  *See Curtis v. Morris*, 184 Ariz. 393, 398 (App. 1995) ("Because an FED action does not bar subsequent proceedings between the parties to determine issues other than the immediate right to possession, those issues are better resolved in proceedings designed to allow full exploration of the issues involved.").  But those claims do not provide a right to continued possession of the Property after the RFP was awarded and provide no defense to forcible detainer under A.R.S. §§ 12-1171(3) and -1173(1).  The superior court did not err in finding Dakota had no right to continued possession of the Property.  *See Taylor v. Stanford*, 100 Ariz. 346, 349 (1966) (disapproving of litigants who "seek to convert unlawful detainer into a suit for specific performance").  Thus, we affirm the court's judgment in its entirety.

---

[5]        Although Dakota acknowledges that SOCAA sent notices, it does not concede that "the notice was accurate or effective."

## III.     Attorney Fees and Costs on Appeal.

**¶32**      SOCAA requests an award of attorney fees and costs incurred on appeal pursuant to ARCAP 21, ARCAP 25, and A.R.S. § 12-349(A)(3). Aside from the unsupported statements that Dakota's appeal "was solely for the purpose of delay" and "unreasonably expanded and delayed this FED proceeding," SOCAA does not develop an argument for an award of attorney fees. Thus, we exercise our discretion and decline to award attorney fees to either party. *See* ARCAP 13(a)(7); *Bank of New York Mellon*, 246 Ariz. at 12, ¶¶ 39-41 (declining to impose sanctions under ARCAP 25 where the requesting party had failed to offer argument justifying sanctions).

**¶33**      As the prevailing party, SOCAA is entitled to costs upon compliance with ARCAP 21.

## CONCLUSION

**¶34**      We affirm the judgment of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:    AA